CHARLES CHOATE MEMORIAL HOSPITAL *vs.* COMMISSIONER OF PUBLIC WELFARE. May 24, 1982. The defendant appeals from the denial of his motion for relief from so much of a judgment as ordered the payment of interest on the plaintiff's claim under G. L. c. 117, § 21, as in effect prior to its repeal by St. 1975, c. 531, § 4, and St. 1975, c. 618, § 4. The claim was for hospital services provided to a seventy-four year old citizen of Ireland between February 16, 1972, and March 27, 1972, determined to amount to $4,863.66, exclusive of interest. The defendant's motion for relief from the judgment was filed well after the expiration of the sixty-day period available for filing a notice of appeal in cases such as this, where the Commonwealth or an officer or agency thereof is a party. Mass.R.A.P. 4(a), as appearing in 378 Mass. 928 (1979). The judge did not err or abuse his discretion in denying the motion. The inclusion of interest in the judgment, whether erroneous or not, was not a "mistake" within the meaning of Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), see *Silk* v. *Sandoval*, 435 F.2d 1266, 1267-1268 (1st Cir.), cert. denied, 402 U.S. 1012 (1971); Smith & Zobel, Rules Practice § 60.4 (1977), and was not void for want of jurisdiction so as to come within the scope of rule 60(b)(4). Compare *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare*, 359 Mass. 206 (1971), and *Sargeant* v. *Commissioner of Pub. Welfare*, 383 Mass. 808 (1981), both of which illustrate that claims of vendors for payments under the medical assistance program may in some circumstances be subject to the addition of interest and that our courts have jurisdiction to determine such matters. It is well settled that the residual clause in rule 60(b)(6) is not intended to be a substitute for appeal. See *Schildhaus* v. *Moe*, 335 F.2d 529, 531 (2d Cir. 1964); *Demers* v. *Brown*, 343 F.2d 427, 428 (1st Cir.), cert. denied, 382 U.S. 818 (1965); *Pagan* v.

*American Airlines, Inc.*, 534 F.2d 990, 993 (1st Cir. 1976); 7 Moore's Federal Practice 348, 403 (2d ed. 1982). The sixth clause has been characterized as having "extremely meagre scope." *Rinieri* v. *News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967). "[I]n all but exceptional circumstances, the failure to prosecute an appeal [from the original judgment] will bar relief." Smith & Zobel, *supra* § 60.15, at 485, quoting from *Lubben* v. *Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651 (1st Cir. 1972). See *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977). There are no exceptional circumstances in this case, and there is no compelling injustice in requiring the Commonwealth to pay interest on a legitimate bill left unpaid for nearly a decade (we understand it has now been paid), regardless of which agencies of the Commonwealth, executive or judicial, may have been responsible for the delay.

*Order denying motion for*
*relief from judgment affirmed.*

*Judith S. Yogman*, Assistant Attorney General, for the defendant.
*Francis X. Flaherty* for the plaintiff.