BYRON WORSNOP *vs.* TEXACO, INC. June 30, 1982. This was a seaman's personal injury action, based on the Jones Act, 46 U.S.C. § 688 (1976), and the common law doctrine of unseaworthiness. At trial before a jury, no instructions were requested or delivered on the subject of prejudgment interest. After the jury returned verdicts for the plaintiff, an assistant clerk of court entered judgments on forms, adding prejudgment interest from the commencement of the action. Nearly five months later, the defendant moved under Mass. R. Civ. P. 60 (a), (b)(1) and (b)(6), 365

Mass. 828 (1974), for relief from the judgments in so far as they provided for prejudgment interest. The judge determined that the addition of prejudgment interest was error, but denied the motion on the ground that rule 60 was not applicable. The plaintiff has not contested the ruling that the judgments were erroneous. We therefore accept as correct, for purposes of review, the premise that prejudgment interest was not recoverable under the applicable rule of law. See *Scola* v. *Boat Frances R., Inc.,* 618 F.2d 147, 152-153 (1st Cir. 1980).

Under rule 60 (a), a court may correct "[c]lerical mistakes in judgments, . . . and errors therein arising from oversight or omission . . . at any time of its own initiative or on the motion of any party." 365 Mass. 828 (1974). The error now at issue was a proper subject for relief under this provision. The judgment was signed only by the clerk, and there is nothing to suggest that the judge ordered or approved the addition of prejudgment interest. See Massachusetts Rules of Court, Appendix of Forms to Mass. R. Civ. P., Form 31, Note 2 (West 1981). The action of a clerk in adding interest to a judgment is not a ruling of law, to which the time limits for appeal (Mass. R.A.P. 4 [a], as appearing in 378 Mass. 928 [1979]) and amendments of judgment (Mass. R. Civ. P. 59 [e], 365 Mass. 827 [1974]) would apply. *Bernier* v. *Boston Edison Co.,* 380 Mass. 372, 388 n.17 (1980). See *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.,* 367 Mass. 57, 62 (1975). Contra, *Scola* v. *Boat Frances R., Inc., supra.* Nor is the ministerial nature of the clerk's act affected by the fact that the question of prejudgment interest, if raised at trial, could have been the subject of a ruling of law by the judge. See *Bernier* v. *Boston Edison Co., supra* at 388-389; *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth., supra* at 60-61. Accordingly, the defendant's motion must be allowed, and the judgment corrected.

*So ordered.*

*John J. Regan* for the defendant.
*Thomas L. Crotty, Jr.,* for the plaintiff, submitted a brief.