COMMONWEALTH *vs.* ANTHONY J. MANDILE.

Middlesex.  September 15, 1982. — January 6, 1983.

Present: BROWN, CUTTER, & DREBEN, JJ.

*Practice, Criminal,* Dismissal, Motion for reconsideration.

The availability of appellate review does not preclude reconsideration by a judge of an order entered by him.  [85-86]

It was error for a judge to reinstate a criminal complaint upon the Commonwealth's motion for reconsideration of an order dismissing the complaint with prejudice where the Commonwealth's motion for reconsideration was filed eighty-seven days after entry of the order of dismissal and where there was no showing by the Commonwealth of circumstances excusing the delay.  [87-92]

COMPLAINT received and sworn to in the First Southern Middlesex Division of the District Court Department on August 4, 1980.

A motion for reconsideration of an order dismissing the complaint was heard by *Kelleher,* J., and the case was tried before *Clancy,* J.

*Elliot D. Lobel* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

DREBEN, J.  The question before us is whether the Commonwealth's motion for reconsideration of an order of a District Court judge dismissing a complaint with prejudice was timely when brought eighty-seven days after entry of that order.  We hold that the motion was not timely, and that, in the absence of a showing by the Commonwealth of extenuating circumstances for the delay, it was error for the judge to reinstate the complaint.

The facts as to the pretrial proceedings are not in dispute. On August 4, 1980, a complaint was filed in the Framingham

District Court charging the defendant with larceny of monies over one hundred dollars from his employer, the American Title Insurance Company. At a pretrial conference on September 19, 1980, trial was set for October 29, and the Commonwealth was ordered to complete discovery by October 8. Unhappily, other events took precedence — the assistant district attorney assigned to the case was shot and killed on October 2, 1980. Although a motion to dismiss because of the failure of the Commonwealth to comply with the discovery orders had been filed on October 10, upon being informed of the circumstances, the defendant agreed to postpone argument on the motion until October 29, 1980. On that date, after a hearing at which the Commonwealth argued that its neglect was excusable, the motion judge dismissed the complaint. He did not specify whether the dismissal was with prejudice.

After a new complaint was brought by the Commonwealth for the same charge in Concord District Court, the defendant filed a motion in Framingham District Court to "revoke, revise and correct" the previous order so that the dismissal would be with prejudice. The judge who had dismissed the complaint allowed the defendant's motion on December 19, 1980, after hearing argument. Four days later, at the defendant's request, the Concord complaint was also dismissed with prejudice.[1] The appeal period under Mass.R.A.P. 4(b), as appearing in 378 Mass. 929 (1979), see G. L. c. 278, § 28E, and the additional thirty-day period provided in Mass.R.A.P. 4(c), as appearing in 378 Mass. 929 (1979) ("upon a showing of excusable neglect"), expired without an appeal by the Commonwealth from either the October 29 or the December 19 rulings.

On March 16, 1981, the Commonwealth filed a motion for reconsideration of the October 29, 1980, order as "supplemented by a clarifying order entered on December 19,

---

[1] The Concord dismissal was obviously a consequence of the December 19, 1980, order by the Framingham District Court judge and has no bearing on whether that order could be reconsidered.

1980." The grounds for the motion were that "dismissal of a criminal charge for noncompliance with orders of discovery under Mass.R.Crim.P. 14(c)(1) is not permitted, or if it is permitted it was, in view of the extenuating circumstances set forth in the attached affidavit . . . too drastic a sanction in this case." The affidavit accompanying the Commonwealth's motion contained no new facts and raised no arguments other than those which were before the judge on October 29, 1980, and again on December 19, 1980.[2] The Commonwealth gave no reason why it had waited eighty-seven days to file its motion.

After hearing, the judge entered an order on April 30, 1981, stating that the order of December 19, 1980, would be vacated "upon the payment by the Commonwealth of $1500 in costs to the defendant on or before June 15, 1981." Following payment, the dismissal was vacated, the case proceeded to trial, and the defendant was found guilty as charged.[3]

1. *Reconsideration.* We agree with the Commonwealth that the availability of appellate review does not preclude reconsideration by the judge of his prior order. "It was one of the earliest doctrines of the common law that the record

---

[2] In a letter to the judge dated March 11, 1981, the assistant district attorney explained further, "We decided not to seek appellate review of the dismissal because I believed that it was a matter committed largely to the discretion of the court under Mass.R.Crim.P. 14(c)(1) (1979). However in view of the strong and continued interest of the victim (American Title Insurance Company) and on the basis of much deeper research, I have decided to ask for reconsideration of your decision because I believe that dismissal was too drastic a sanction to employ in this case."

The letter also asked: "In the alternative, . . . I request that you permit the Commonwealth to perfect an appeal . . . under Mass.R.Crim.P. 15(a)(3)(A & B) (1979)." Since the District Court did not retain jurisdiction over the offense, rule 15(a)(3)(A), 378 Mass. 883 (1979), does not apply.

[3] The defendant had received a check payable to his employer, American Title Insurance Company, which he deposited in his personal checking account. His conviction of larceny indicates rejection by the jury of his claim that he was entitled to the proceeds of the check as part payment for a purchase by American Title Insurance Company of his (the defendant's) title company.

of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered." *Fine* v. *Commonwealth,* 312 Mass. 252, 255 (1942). See *District Attorney for the No. Dist.* v. *Superior Court,* 342 Mass. 119, 122-123 (1961). This was true in criminal as well as in civil proceedings. *Commonwealth* v. *Weymouth,* 2 Allen 144, 146-147 (1861). *United States* v. *Benz,* 282 U.S. 304, 307-308 (1931). Although the Massachusetts Rules of Criminal Procedure do not contain an express provision permitting rehearing, no persuasive consideration of policy suggests that a judge should be unable to employ this well established procedural device.

To the contrary, Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979), provides that the rules are to be construed "to secure simplicity in procedure, fairness in administration, and the elimination of expense and delay." As stated in *United States* v. *Healy,* 376 U.S. 75, 80 (1964), "to deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation — since plenary consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehearing — and could, in some cases, impose an added and unnecessary burden of adjudication" upon the appellate courts. See also *United States* v. *Dieter,* 429 U.S. 6, 8 (1976), pointing out the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors." While the absence of a right to appeal may be a compelling reason to allow reconsideration of an order dismissing a criminal complaint, see *Rosenberg* v. *Commonwealth,* 372 Mass. 59, 61-63 (1977), it is not, as indicated in *Healy* and *Dieter,* the only reason. Accordingly, we treat a timely request for reconsideration as an appropriate procedure without regard to whether appellate review is available.[4]

---

[4] The defendant's reliance on *People* v. *Quintana,* 36 Ill.2d 369, 371 (1967), is obviously misplaced as a later case in the same jurisdiction holds that in criminal as well as in civil matters a trial court may consider final appealable orders. *People* v. *Heil,* 71 Ill.2d 458, 461 (1978).

2. *Timeliness of request.* As the Massachusetts Rules of Criminal Procedure do not expressly permit reconsideration,[5] no provision specifies the time period within which such a motion must be made. At common law such requests were limited by the duration of the term of court. *Commonwealth* v. *Weymouth,* 2 Allen at 145. After terms were abolished by St. 1897, c. 490, the period of the "sitting" established the time limits during which a court could change its judgments. *Commonwealth* v. *Soderquest,* 183 Mass. 199, 200 (1903). See *District Attorney for the No. Dist.* v. *Superior Court,* 342 Mass. at 122, 128. Although the word "sitting" may still be found in our statutes with reference to sessions of court, e.g., G. L. c. 213, § 6; G. L. c. 218, § 38, and although the rule limiting a judge's action to term time has not been expressly repealed by our rules as in the Federal system, see former Fed.R.Crim.P. 45(c) and 6(c) (rescinded, effective July 1, 1966), and Advisory Committee Report, 5 F.R.D. 483, 486-487 (1946), we consider that the time of "sitting" no longer has any relevance in setting time limits for the powers of a court over its own judgments.

As we have not been referred to, or found, any case after the adoption of the Massachusetts Rules of Criminal Procedure which sets time limits for motions for reconsideration, we must look to other sources for guidance. The Commonwealth urges that we apply by analogy Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), which it claims "allows such motions to be filed within a 'reasonable time.'" The construction given that rule and "the parallel Federal rule," see *Feltch* v. *General Rental Co.,* 383 Mass. 603, 613 (1981), however, does not provide authority for allowing relief from judicial

---

[5] Rule 42, 378 Mass. 919 (1979), providing for correction of clerical mistakes or errors from oversight or omission, is not here applicable. See Reporters' Notes to Mass.R.Crim.P. 42, Mass. Ann. Laws, Rules of Criminal Procedure at 591 (1979). See also *Commonwealth* v. *Soderquest,* 183 Mass. 199, 200 (1903).

error[6] eighty-seven days after judgment, a period long after expiration of the time for appeal.

Recent Massachusetts cases indicate that definite and short time limits must be satisfied. In *Locke* v. *Slater*, 387 Mass. 682, 686 (1982), the court held untimely a motion for reconsideration not filed within the ten-day period required by cognate Dist. Mun. Cts. R. Civ. P. 59(e) (1975), at least for purposes of tolling the time period for preserving the right to appeal under Dist. Mun. Cts. R. Civ. P. 64(c)(1) (i & ii) (1975). See also *Worsnop* v. *Texaco, Inc.*, 386 Mass. 1005, 1006 (1982), where the court noted that the time limits for appeal, Mass.R.A.P. 4(a), as appearing in 378 Mass. 928 (1979), and amendments of judgment, Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), applicable to a reconsideration of a ruling of law, do not apply to the action of a clerk in adding interest to a judgment. This court in *Charles Choate Memorial Hosp.* v. *Commissioner of Pub. Welfare*, 13 Mass. App. Ct. 1080 (1982), strongly suggested that a motion under rule 60(b)(1) to correct an error of law is not available after the appeal period has run and held that "in all but exceptional circumstances, the failure to prosecute an appeal [from the original judgment] will bar relief" under rule 60(b)(6). *Id.* at 1081 (omitting citations to quoted material).

---

[6] The grounds of the Commonwealth's motion, as we stated earlier, see 85, *supra,* were that dismissal was not permitted under the rules for noncompliance with discovery orders and even if permitted, it was too drastic a sanction. In this appeal the Commonwealth focuses on the judge's broad discretion in imposing sanctions and argues that, since his decision was virtually unreviewable, "reconsideration was the only remedy." The Commonwealth's characterization of the judge's action as discretionary does not change the fact that an appeal from the original judgment would have raised an issue of law, namely, whether "the court erred in dismissing [the] case because [the Commonwealth] showed good cause for delay." *Fox* v. *Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). The argument shows only that the abuse-of-discretion standard is often a difficult one to overcome.

We in no way suggest that the original judgment was correct. To the contrary, "[T]he presumption is that there were sufficient reasons . . . and that it was deemed to be necessary" to vacate the dismissal. *Fine* v. *Commonwealth,* 312 Mass. at 258, quoting from *Commonwealth* v. *Weymouth,* 2 Allen at 144.

Although the precise confines are not clear, the Federal civil cases also appear to impose relatively strict time limits on motions to reconsider errors of law. The determination of what is a reasonable period for such motions is usually linked in some manner to the time allowed for appeal.[7] See e.g., *Schildhaus* v. *Moe,* 335 F.2d 529, 531 (2d Cir. 1964); *In Re Texlon Corp.,* 596 F.2d 1092, 1100 (2d Cir. 1979); *Sleek* v. *J.C. Penney Co.,* 292 F.2d 256, 257 (3d Cir. 1961); *Meadows* v. *Cohen,* 409 F.2d 750, 752 n.4 (5th Cir. 1969); *Gila River Ranch, Inc.* v. *United States,* 368 F.2d 354, 357 (9th Cir. 1966); *Parks* v. *U.S. Life & Credit Corp.,* 677 F.2d 838, 840 (11th Cir. 1982); *D.C. Federation of Civic Assns.* v. *Volpe,* 520 F.2d 451, 453 (D.C. Cir. 1975). Compare *Lairsey* v. *Advance Abrasives Co.,* 542 F.2d 928 (5th Cir. 1976); *Thompson* v. *Kerr-McGee Ref. Corp.,* 660 F.2d 1380, 1385 (10th Cir. 1981), cert. denied, 455 U.S. 1019 (1982). See also discussion and cases in 7 Moore's Federal Practice par. 60.22(3), at 260 (2d ed. 1982), where the author advocates a rule which permits a court to correct its own judicial error under Fed.R.Civ.P. 60(b)(1) within a reasonable time which "should not exceed the time for appeal." But see *Security Mut. Cas. Co.* v. *Century Cas. Co.,* 621 F.2d 1062, 1066-1068 (10th Cir. 1980).

The Supreme Court in *Browder* v. *Director, Dept. of Corrections,* 434 U.S. 257 (1977), applied the time limits of the Federal Rules of Civil Procedure to a habeas corpus pro-

---

[7] The First and Seventh Circuits are more strict and require that such motions be brought within the ten-day period of Fed.R.Civ.P. 59(e) and do not allow them to be brought under Fed.R.Civ.P. 60(b) even during the appeal period. *Silk* v. *Sandoval,* 435 F.2d 1266, 1268 (1st Cir.), cert. denied, 402 U.S. 1012 (1971). *Flint* v. *Howard,* 464 F.2d 1084, 1087 (1st Cir. 1972) (habeas corpus proceeding). *Scola* v. *Boat Frances, R., Inc.,* 618 F.2d 147, 153-154 (1st Cir. 1980). *Swam* v. *United States,* 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852 (1964). See also Smith & Zobel, Rules Practice § 60.4 (1977). The Eighth Circuit allows relief under rule 60(b)(1) for judicial inadvertence and then only within the time period allowed for appeal. Relief from other judicial error must be sought within the ten-day period prescribed by rule 59(e). *Fox* v. *Brewer,* 620 F.2d 177, 180 (8th Cir. 1980). See also 11 Wright & Miller, Federal Practice and Procedure § 2858, at 178 (1973).

ceeding, and held untimely a government motion for reconsideration which had not been brought within the ten-day period of rule 59.  As a result, the Court of Appeals lacked jurisdiction to review the original order of the District Court.

In reaching this conclusion, the Supreme Court noted: "The Rules in abolishing the term rule, did not substitute indefiniteness.  On the contrary, precise times, independent of the term, were prescribed." *Browder*, 434 U.S. at 271 (quoting from *United States* v. *Smith*, 331 U.S. 469, 473 n.2 [1947]).  Quoting from *Matton Steamboat Co.* v. *Murphy*, 319 U.S. 412, 415 (1943), the Court pointed out that the purpose of the strict time limit on the filing of a notice of appeal "is to set a definite point of time when litigation shall be at an end, . . . and . . . to advise prospective appellees that they are freed of the appellant's demands." *Id.* at 264. The Court also noted, "[T]he emphasis in the Federal Rules of Civil Procedure on 'just' and 'speedy' adjudication, see Fed. Rule Civ. P. 1,[8] parallels the ideal of 'a swift, flexible, and summary determination' of a habeas corpus petitioner's claim," and therefore "a prompt motion for reconsideration is well suited to the 'special problems and character of such proceedings'." *Id.* at 271, citations omitted.  While the Court did not reach the issue whether relief could have been sought under rule 60(b), *id.* at 263 n.8, the emphasis in the majority opinion on the policy reasons requiring promptness, and the reference in the concurring opinion to the continued availability of an appeal, *id.* at 273, suggest that the Supreme Court would look with disfavor on a motion for rehearing under rule 60(b) filed after the expiration of the appeal period.

In turning to the Federal criminal cases, we note that the Federal rules, like our own, contain no rule specifically governing reconsideration.  Nevertheless, there appears to be a precise time within which a motion for reconsideration must be filed, namely the period during which an appeal

---

[8] The same words are used in Mass.R.Civ.P. 1, 365 Mass. 730 (1974).

can be taken. See *United States* v. *Healy*, 376 U.S. at 78, as interpreted by *Browder*, 434 U.S. at 268. Although *Healy* dealt only with the question of tolling the time for filing an appeal, *Browder* implicitly, at 268, 271-272, and subsequent cases, perhaps more explicitly, establish the rule that a court may reconsider its own order in criminal cases only during the time period allowed for appeal. *United States* v. *Emens*, 565 F.2d 1142, 1144-1145 (9th Cir. 1977). *United States* v. *Cook*, 670 F.2d 46, 48-49 (5th Cir.), cert. denied, 456 U.S. 982 (1982). *United States* v. *Hearst*, 435 F.Supp. 29 (N.D. Cal.), aff'd, 563 F.2d 1331, 1352 (9th Cir. 1977), cert. denied, 435 U.S. 1000 (1978). See, discussing interlocutory appeals, *United States* v. *St. Laurent*, 521 F.2d 506, 511-512 (1st Cir. 1975), cert. denied sub nom. *Venios* v. *United States*, 423 U.S. 1049 (1976); *United States* v. *Jones*, 608 F.2d 386, 390 (9th Cir. 1979); *United States* v. *Martinez*, 681 F.2d 1248, 1253-1254 (10th Cir. 1982). Cf. *United States* v. *Woodruff*, 596 F.2d 798, 799 (8th Cir. 1979).

The need for a "speedy" and "just" adjudication cited in *Browder* applies, of course, to criminal cases as well. There is, therefore, a "palpable reluctance to allow [a] late petition to rejuvenate a dispute which, through the expiration of the period allowed for appeal from the original order, had become settled." *United States* v. *Cook, supra* at 49. See also *Healy*, 376 U.S. at 77; *Huff* v. *United States*, 192 F.2d 911, 913-914 (5th Cir. 1951), cert. denied, 342 U.S. 946 (1952). In addition, the constitutional interest in finality for the defendant's benefit lends impetus to a rule requiring prompt filing of a motion for reconsideration in criminal cases. See *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 274-275 (1982); *United States* v. *Smith*, 331 U.S. at 474-475. Cf. Mass.R.Crim.P. 2(a) and 36, 378 Mass. 842, 844, 909 (1979).

We conclude, therefore, that in the absence of special circumstances there is no basis for allowing the Commonwealth to file a motion for reconsideration as late as eighty-seven days after the entry of an order of dismissal. There

are no such special circumstances here. Compare *Rosenberg* v. *Commonwealth*, 372 Mass. at 61. At most the Commonwealth seeks to correct a prosecutorial error which could have been rectified by more prompt action. The Commonwealth has neither explained nor justified the lateness of its motion, although its inaction now results in the reversal of a conviction after trial. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430 (1979); Restatement (Second) of Judgments § 74 and comment e (1982) (person seeking relief must act promptly). Accordingly, we hold that the judge erred in reinstating the complaint. The judgment is reversed, the verdict set aside, and the complaint is to be dismissed.

*So ordered.*