Lenhoff, J.
This Tribunal is presented for consideration and determination the following question:— Did the Trial Court err in its allowance of the plaintiffs’ Motion to Correct Clerical Error[3]?
Our review causes this body to conclude that the Trial Court acted properly in disposing of said motion.
A court has inherent and necessary power “to correct errors and remedy omissions in its records in order that they speak the truth”. It can do so on motion of an interested party, at the suggestion of one not a party or on its own motion. Green v. Clerk of Municipal Court, 321 Mass. 487, 491 (1947); Boston v. Santosuosso, 308 Mass. 202, 206 (1941); Dewey v. Peeler, 161 Mass. 135, 136 (1894).
Dist./Mun. Ct. R. of Civ. P., Rule 60(a) provides for the correction of a “clerical’’ mistake in judgments. In Worsnop v. Texaco, Inc., 386 Mass. 1005, 1006 (1982), the Court held that the computation of interest by the clerk is “clerical”-, and, therefore, it is correctly addressed by a motion under Rule 60(a). See Bernier v. Boston Edison Co., 380 Mass. 372, 388 (1980) where the Court sets forth that interest is awarded to compensate one for the delay in receiving money to which such person is entitled. Our appeals Court has followed, as does this Appellate Division, the above holding of Worsnop v. Texaco, Inc., Supra, in Salem Country Club, Inc. v. Peabody Redevelopment Authority, 21 Mass. App. Ct. 433, 438 (1986). Also in Commonwealth v. Mandile, 15 Mass. App. Ct. 83, 88 (1983).
The defendants urge that Rule 60(a) does not apply in the case at bar, claiming that the matter of interest is substantive. Had the Trial Court found interest as part of its ultimate judgment, we then would have agreed that same *157 must be considered substantive, with appropriate action'to be taken within ten (10) days after the entry of judgment. However, such is not the case in the instant situation as the Trial Court found for the plaintiffs in the sum of $30,000.00, leaving interest and costs to be computed by the clerk. Consequently, it follows that the computation of interest was a “clerical” undertaking and not a court decision or determination of a substantive nature.
Further, we take cognizance of G.L. c. 235, §8 wherein it is provided that interest is added following judgment at the same per annum rate due up to the rendering of judgment. (See G.L. c. 231, § 6C as to the rate of'interest).
In addition to the foregoing, our attention is directed to Dist/Mun. Ct. R. Civ. P., Rule 54(f)[4].
Inasmuch as every judgment for the payment of money [Rule 54(f)] shall bear interest “up to the date of payment of said judgment,” interest runs until the execution is satisfied. To this end, it is most helpful to be aware of the language appearing in Chapter X, 3(c) at page 94 in HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, PROFESSOR MARC G. PERLIN AND JOHN M. CONNORS. Same reads as follows:—
“Once the execution has issued the collection process associated with service of the execution usually proceeds without any involvement by the clerk, or the court. Therefore, the plaintiffs’ attorney should give the sheriff serving the execution appropriate instructions concerning interest to be collected that has accrued after the date of execution.”
In view of the above, the Report be and is hereby dismissed.

 MOTION TO CORRECT CLERICAL ERROR
Now come the plaintiffs in the above-entitled action and state as follows:
On September 8,1986, this Honorable Court issued an Execution on behalf of the plaintiff against the defendant in the amount of THIRTY THOUSAND and xx/100 ($30,000.00) DOLLARS plus interest of FIVE THOUSAND SIX HUNDRED AND FIFTY NINE and 98/100 ($5,659.98) DOLLARS plus costs of SEVENTY NINE and 76/100 ($79.76) DOLLARS for a total of THIRTY FIVE THOUSAND SEVEN HUNDRED AND THIRTY NINE and 74/100 ($35,739.74) DOLLARS. The court, by clerical error, assessed interest in the amount of FIVE THOUSAND SIX HUNDRED AND FIFTY NINE and 98/100 ($5,659.98) DOLLARS whereas the interest according to law should have been assessed at THIRTEEN THOUSAND THREE HUNDRED AND TWENTY and xx/100 ($13,320.00) DOLLARS.
WHEREFORE, plaintiffs request this Honorable Court correct the inadvertent clerical error and assess the proper interest according to law.

 (f) INTEREST. Every judgment for the payment of money shall bear interest up to the date of payment of said judgment. Interest accrued up to the date of entry of a judgment shall be computed by the clerk according to law. Unless otherwise ordered by the court, interest from the date of entry of a judgment to the date of execution or order directing the payment of said judgment shall also be computed by the clerk, and the amount of such interest shall be stated on the execution or order.