COMMONWEALTH vs. JOHN DOWNS.

No. 91-P-113.

Barnstable. September 11, 1991 - October 15, 1991.

Present: KASS, FINE, & GILLERMAN, JJ.

*Practice, Criminal*, Motion to suppress, Motion for reconsideration. *Jurisdiction*, Reconsideration of order or judgment. *Constitutional Law*, Admissions and confessions. *Motor Vehicle*, Investigation of accident.

In a criminal case, the time for filing a motion for reconsideration of an interlocutory order of a trial judge is not limited by the thirty days allowed for taking an appeal from a judgment, but, rather, reconsideration may be sought within a reasonable time during the pendency of the case before the trial court. [469]

In a criminal case, a motion to reconsider an interlocutory ruling of a trial judge was proper although not accompanied by an affidavit, where its purpose was to ask the judge to reexamine his initial ruling. [469-470]

Where a judge proposed to alter an interlocutory ruling in a criminal case, after entertaining a motion to reconsider, the better course would have been to afford the parties a hearing and to place in the record an explanation for the altered decision. [470-471]

A person who initiated a conversation with police officers at the scene of an automobile accident in a parking lot was not entitled, in the circumstances, to have been given a Miranda warning. [471]

COMPLAINT received and sworn to in the Barnstable Division of the District Court Department on July 10, 1989.

On appeal to the jury session of that division, a pretrial motion to suppress evidence was heard by *Paul E. Ryan*, J.

The Commonwealth's application for an interlocutory appeal was allowed by *Joseph R. Nolan*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Julia K. Vermynck*, Assistant District Attorney, for the Commonwealth.

KASS, J. A pretrial motion to suppress inculpatory statements of the defendant was improperly allowed by a judge of

the District Court. Upon the Commonwealth's interlocutory appeal, authorized by a single justice of the Supreme Judicial Court under Mass.R.Crim.P. 15(b), as amended, 397 Mass. 1225 (1986), we vacate the suppression of those statements.

Two Barnstable police officers responded at 8:50 P.M. on July 9, 1989, to a report of an accident in the parking lot of the Candlelight Motor Lodge. At the place of the accident, they encountered the defendant, who said he had backed into a parked car, sending that second car into collison with a third. One of the officers sized up the defendant as impaired by drink and asked where he had come from before the accident. The defendant said he had been in the Duck Inn Pub, which was located in the Candlelight Motor Lodge. To the follow-up question of how many drinks he had consumed there, the defendant replied, "One." Field sobriety tests followed and led to the arrest of the defendant for driving under the influence of alcohol.

After a bench trial at which he was found guilty, the defendant claimed a de novo trial before a jury of six. On April 6, 1990,[1] the defendant filed a motion to suppress all statements made by the defendant before his arrest on July 9, 1989. His ground for the motion was that he was entitled to Miranda warnings before the police put questions which produced the inculpatory statement that he had been drinking in the Duck Inn Pub. That motion was accompanied by a cursory, but adequate, affidavit as required by Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979). By stipulation, the judge heard the motion to suppress on the basis of the defendant's affidavit and a written report made by one of the arresting officers. The motion was denied without findings or explanation on July 17, 1990. Findings on disposition of motions to suppress are highly desirable and should be the norm, but the failure to make them does not constitute reversible error. *Commonwealth* v. *Parham*, 390 Mass. 833, 837-838 (1984). *Commonwealth* v. *Harding*, 27 Mass. App,

---

[1] We deduce the date from a date stamp which appears on a copy of the motion reproduced in the record appendix.

Ct. 430, 431 (1989). Smith, Criminal Practice and Procedure § 1347 (2d ed. 1983 & Supp. 1991). On September 4, 1990, the defendant filed a motion for reconsideration of the denial of his motion to suppress. That motion for reconsideration was unaccompanied by any further affidavit or new or additional grounds for the motion to suppress. Without a further hearing, findings, or explanation, the District Court judge who had been acting on the case then turned 180 degrees and allowed the motion to suppress.

1. *Procedural issues.* On its interlocutory appeal, the government first attacks the allowance of the motion to suppress on procedural grounds.

(a) Relying on *Commonwealth* v. *Mandile*, 15 Mass. App. Ct. 83, 87-92 (1983), the government argues that the time for filing a motion for reconsideration of an interlocutory order of a trial judge is limited by the thirty days allowed for taking an appeal from a judgment. The *Mandile* opinion, however, applied to dispositive orders tantamount to a final judgment. In *Mandile*, for example, the order as to which the government sought reconsideration was one which had dismissed the government's criminal complaint with prejudice. As to interlocutory orders which are not dispositive of a case, reconsideration may be sought within a reasonable time during the pendency of the case before the trial court. *Commonwealth* v. *Cronk*, 396 Mass. 194, 196-197 (1985). Allowing a party to request reconsideration of a prior order is consistent with fair and efficient administration of justice. *Ibid.* Judges are not condemned to abstain from entertaining second thoughts that may be better ones.

(b) The Commonwealth also contends that the motion for reconsideration was improper because it was unaccompanied by an affidavit, as required in the case of a pretrial motion when initially made, and because the motion was unaccompanied by new or additional grounds (which could not reasonably have been known when the motion was originally filed). That new or additional grounds are required is suggested by the Reporters' Notes to Mass.R.Crim.P. 13, Mass. Gen. Laws Ann., Rules of Criminal Procedure at 215 (West

1980). See Smith, Criminal Practice and Procedure § 1281 (2d ed. 1983). The rule governing motions for reconsideration, Mass.R.Crim.P. 13(a)(5), 378 Mass. 872 (1979), says that a pretrial motion may be renewed "[u]pon a showing that substantial justice requires" a ruling different from that previously made. The quoted phrase has been thought to indicate that counsel should file an affidavit setting out reasons why the motion should be reheard. Smith, Criminal Practice and Procedure § 1281. However desirable an affidavit might be in the run of cases, particularly if counsel is trying to call new factual material to attention, an affidavit is not a precondition to a motion to reconsider when the purpose is to bring to the attention of the judge a newly decided case, see, e.g., *Commonwealth* v. *McCluskey*, 395 Mass. 1003 (1985), or, as in the case before us, to ask the judge to reexamine his initial ruling. The rules are not to be administered inflexibly and certainly not in a fashion which serves no purpose other than to produce redundant paper. See *Commonwealth* v. *Santosuosso*, 23 Mass. App. Ct. 310, 312-313 (1986); Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979); Reporters' Notes to Mass.R.Crim.P. 2(a), Mass. Gen. Laws Ann., Rules of Criminal Procedure at 14-15 (West 1980).

(c) The District Court judge acted on the motion for reconsideration, adversely to the government, without a hearing and, as we have observed, without finding or explanation. Generally, the right to file a pretrial motion implies the right to have that motion heard. *Commonwealth* v. *Hurd*, 393 Mass. 199, 200 (1984). Compare *Commonwealth* v. *Griffin*, 19 Mass. App. Ct. 174, 185 (1985), which held that it was not necessary to hold a hearing on a motion identical to a motion already heard in the same case when counsel conceded he had nothing new to offer. Motions to reconsider frequently ask the judge, without altering the legal or factual premises of the original motion, to rethink the disposition of the original motion. When they bring nothing new before the court, motions to reconsider resemble the repetitive and identical motions which the court in *Commonwealth* v. *Griffin*, *supra*, said did not require a hearing. It would unduly bur-

den trial judges if essentially repetitious motions were required to be heard. As a practical matter, routine motions to reconsider are routinely denied. If, however, the motion to reconsider contains fresh material not previously available or if, upon further thought, the judge proposes to alter substantially the disposition initially made, the better practice is to afford the parties a hearing. Particularly when reversing field on a motion to suppress, a judge ought to place in the record some words of explanation for the changed decision. That explanation need not be elaborate but should provide some clue to the judge's mind. The absence of any findings and explanation greatly hampers review. Perhaps worse, it creates an atmosphere of arbitrary decision making.

2. *Merits of the motion to suppress.* As the Miranda warning issue was presented on the basis of the written report of one of the arresting officers, we are in as good a position as the motion judge to decide whether the police were tardy in warning the defendant that he had a right to remain silent and so forth. More precisely, the question is whether the defendant was subjected to custodial interrogation when the police asked him what had happened. *Commonwealth v. Tart,* 408 Mass. 249, 258 (1990). *Commonwealth v. Doyle,* 12 Mass. App. Ct. 786, 792 (1981). The conversation of the police with the defendant in the parking lot was initiated by the defendant. Questioning persons at the scene of an accident is a routine first step by which police familiarize themselves sufficiently to decide who and what to investigate. See *id.* at 793-794; *Commonwealth v. Merritt,* 14 Mass. App. Ct. 601, 605 (1982). Neither the place of questioning, the status of the investigation at the time of the questioning, or the conduct of the police produced an atmosphere of isolation and intimidation requiring a Miranda warning. See *Miranda v. Arizona,* 384 U.S. 436, 444 (1966); *Oregon v. Mathiason,* 429 U.S. 492, 495 (1977); *Commonwealth v. Doyle,* 12 Mass. App. Ct. at 793. The statements made by the defendant to the police ought not to be suppressed.

The order allowing the motion to suppress is reversed.

*So ordered.*