Gelinas, J.
This appeal presents the issue of whether a Trial Judge erred in failing to strike a defendant’s motion to amend judgment, purportedly brought under M. R Civ. P. Rule 59 (e), where in substance the motion sought to correct clerical errors only, an issue properly raised by motion for relief from judgment or order under Rule 60 (a). Where a judgment requires judicial amendment, the time for filing a draft report under Dist./Mun. Cts. R Civ. P., Rule 64(c) (1) (iii) is tolled; if mere clerical correction is required the time for filing is not tolled.
The relevant docketed events with respect to the judgment and motions are as follows: on August 12,1993, a District Court judge allowed a motion for separate and final judgment against the defendant-appellee Bouchard in the principal amount of $43,832,00, with attorney’s fees in the amount of $12,679.80. Notice of separate and final judgment entered on September 28,1992, in the total amount of $56,511.80. On October 7,1992 the defendant moved under M. R Civ. P., Rule 59 (e) and the judge allowed amendment of the judgment, remitting $600.00 attorney’s fees wrongly assessed. Final judgment under Rule 58 issued October 28,1992, reflecting an award of $56,511.80 (the total of the original judgment and attorney’s fees), plus interest of $13,562.64 and costs of $112.50; this judgment failed to reflect the judge’s allowance of the motion to amend reducing the judgment by $600.00, was wrong in addition by $1,000.00 and failed to properly compute statutory interest and costs. Thereafter, on November 5,1992, defendant Bouchard brought his second motion to amend the judgment, reciting the motion as brought under Rule 59 (e). Plaintiff’s notion to strike timely followed.
With regard to the erroneous calculation of statutory interest and the mathematical error in computation it is clear that they are clerical in nature and would properly be addressed by motion under Rule 60 (a), see Worsnop v. Texaco, 386 Mass. 1005 (1985). The Clerk’s failure to reflect the reduction of $600.00 in the judgment amount as required by the judge’s allowance of the October 20th motion was oversight and omission bringing this error also clearly within the provisions of Rule 60(a); no error of fact or law was alleged in defendant’s second motion to amend judgment and no judicial action with respect thereto was required. Substance and not labels should control in determining whether apost judgment motion is a rule 59 (e) motion ora rule 60 motion, Pentucket Manor Children’s Hospital v. Rate Setting Commission, 394 Mass 233 (1985). The judgment enteredwas erroneous not because it lacked legal orfactual justification but because of clerical error in recording and computing; time for claiming a report thus began on entry of the final judgment, (October 28,1992), and expired 10 days thereafter under Dist./Mun. Cts. R Civ. P., Rule 64, and could not be extended by a motion miscaptioned.
As a miscaptioned motion could not extend the time for claiming a report, we cannot *206 say that the judge erred in not striking defendant’s motion to amend judgment; the original judgment, though not erroneous for lack of lawful or factual justification, was clearly in need of correction, and the motion, albeit erroneously reciting as presented under the provision of Rule 59(e), provided an appropriate vehicle for correcting the judgment. Filing of the motion and the judge’s action thereon could not operate to extend the time for filing an appeal; as noted above, an examination of the substance of the motion reveals that no further judicial action with regard to law or fact was required, but that mere clerical correction would suffice. The finality of the original judgment was not affected by the motion, however captioned or characterized, and thus the tolling effect of Mass. R Civ. P., Rule 59(e) would not be invoked.
Bouchard has, subsequent to Snell’s claim of report, claimed a report on the original entry of summary judgment. The report is dated Feb. 3,1993 and was entered March 10,1993 in Worcester Central District Court. This claim was filed well beyond the 10 day requirement of Dist./Mun. Cts. Civ. P., Rule 64. Given ourfinding herein, the time for claiming a report was not tolled by Bouchard’s motion to amend judgment, and so this Report #AD004 must also be dismissed.
The plaintiffs report on denial of his motion to strike is dismissed, defendant Bouchard’s report on allowance of motion for summary judgment is dismissed, and the judgment amount as corrected is affirmed.