COMMONWEALTH *vs.* CHARLES BALBONI.

Suffolk. September 12, 1994. - November 21, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Motion for reconsideration. *Criminal Records.*

A motion to reconsider and vacate an order of a District Court judge, filed
   more than two years after the order was entered was not timely; the
   time period for filing such motions is the same as that allowed for ap-
   peal: thirty days. [43-44] WILKINS, J., dissenting.
This court stated that the provisions of G. L. c. 276, § 100C, governing
   the expungement and sealing of records of criminal prosecutions require
   no judicial enlargement. [44-47]

COMPLAINT received and sworn to in the East Boston Divi-
sion of the District Court Department on December 3, 1990.

The case was heard by *Joseph V. Ferrino,* J.; a motion to
expunge was heard by him; and a motion to reconsider and
vacate, filed on April 28, 1993, was denied by *Neil J.
Colicchio,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*William J. Duensing,* Assistant Attorney General, for the
Commonwealth.

*Wayne Soini* for the defendant.

ABRAMS, J. In November, 1990, James Libby, an inmate
at the Deer Island house of correction, filed an application
for a complaint against the defendant, Charles Balboni, a
correction officer. In January, 1991, the complaint was dis-
missed[1] at the request of the complainant. On that date, the

---

[1] The record is unclear whether a complaint issued and thereafter was
dismissed or whether it was the application for a complaint which was
dismissed.

defendant filed a motion to expunge the complaint from all records, including those of the Department of Probation (department).[2] The District Court judge entered an order expunging the records on February 14, 1991. On April 28, 1993, the department filed a motion to reconsider and vacate this order. The presiding judge declined to consider the department's motion.[3] The department appealed from that ruling. We transferred the case to this court on our own motion. There was no error.

The department filed its motion to reconsider and vacate more than two years after entry of the order of expungement. The Massachusetts Rules of Criminal Procedure provide no time limits for motions to vacate or reconsider orders of a District Court judge. In the absence of special circumstances not here present, the limitations period for filing such motions is the same as the time period allowed for appeal. See *Commonwealth* v. *Montanez*, 410 Mass. 290, 294 n.4 (1991) ("motion for reconsideration must be brought within . . . thirty days"). See also *Commonwealth* v. *Cronk*, 396 Mass. 194, 197 (1985); *Commonwealth* v. *Mandile*, 15 Mass. App. Ct. 83, 85 (1983) (order tantamount to a final judgment must be filed within the time for filing an appeal). Cf. *Commonwealth* v. *Downs*, 31 Mass. App. Ct. 467, 469 (1991) (interlocutory orders not dispositive of the case, reconsideration may be sought within a reasonable time during the pendency of the case). The reason for the time limitation is that courts are "reluctan[t] to allow a late petition to rejuvenate a dispute which, through the expiration of the period allowed for appeal from the original order, had become settled." *Mandile, supra* at 91, quoting *United States* v. *Cook*,

---

[2] The defendant's motion requested that all records be expunged because he is a correction officer and an officer in the United States Army Reserves, and that "[w]henever records checks are made or done, perpetuation of this *withdrawn* allegation would cause inconvenience and/or embarrassment in explaining a *moot* situation" (emphasis in original).

[3] The judge who issued the original order had retired. The presiding judge of the East Boston District Court declined to review the order, stating that review was for an appellate court.

670 F.2d 46, 49 (5th Cir.), cert. denied, 456 U.S. 982 (1982).

Federal courts follow the same rule on the time limitations within which such motions must be brought. See *United States* v. *Cook, supra* at 48 (petition for rehearing untimely when made forty-six days after expiration of time for appeal); *United States* v. *Hearst,* 435 F. Supp. 29 (N.D. Cal.) (motion for reconsideration untimely when filed over a month after expiration of time allowed for appeal), aff'd, 563 F.2d 1331 (9th Cir. 1977), cert. denied, 435 U.S. 1000 (1978).

The department had thirty days from the entry of the order of expungement within which to file a motion to reconsider and vacate the order. The department did not file a motion to reconsider and vacate during that time. The department's motion to reconsider and vacate, filed more than two years later, was not timely. Thus, the judge's determination that he would not reconsider the earlier ruling was correct.[4]

Because the issue of the correctness of the order of expungement has been fully briefed and argued, we express our view. See *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943). The issue whether the District Court judge should have ordered the expungement of records maintained by the department now is governed by legislation. See G. L. c. 276, § 100C (1992 ed.). The relevant statute provides for the sealing of records in these circumstances (i.e., dismissal of a complaint).[5] See *id.* While the remedies of sealing and

---

[4]The dissent states that the department could not appeal from the order of expungement. The department could have filed the same motion now before us without waiting for more than two years. If that motion were denied, it could have appealed at that time.

[5]This statute provides, in relevant part: "In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, except in cases in which an order of probation has been terminated, and it appears to the court that substantial justice would be best served, the court shall direct the clerk to seal the records of the proceedings in his files. The clerk shall forthwith notify the commissioner of probation and the probation officer of the courts in which the proceedings occurred or were initiated who shall likewise seal the records of the proceedings in their files.

expungement are different,[6] they serve the same purpose, ensuring the confidentiality of a person's record.

In *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640 (1978), two factors persuaded us that the use of the court's ancillary power to order the expungement of police records was necessary. The first was the unique goals of the juvenile justice system; the second was the lack of a legislative remedy.

In *Police Comm'r of Boston*, we were guided by the Juvenile Court's special relationship with and duty to juvenile offenders. The juvenile justice system treats young offenders as children in need of aid. They are not viewed as criminals. See G. L. c. 119, § 53 (1992 ed.).[7] A Juvenile Court judge's

---

"Such sealed records shall not operate to disqualify a person in any examination, appointment or application for public employment in the service of the commonwealth or of any political subdivision thereof.

"An application for employment used by an employer which seeks information concerning prior arrests or convictions of the applicant shall include . . . the following statement: 'An applicant for employment with a sealed record on file with the commissioner of probation may answer "no record" with respect to an inquiry herein relative to prior arrests or criminal court appearances.' The attorney general may enforce the provisions of this section by a suit in equity commenced in the superior court.

"The commissioner, in response to inquiries by authorized persons other than any law enforcement agency or any court, shall in the case of a sealed record report that no record exists. After a finding or verdict of guilty on a subsequent offense such sealed record shall be made available to the probation officer and the same, with the exception of a not guilty, a no bill, or a no probable cause, shall be made available to the court." G. L. c. 276, § 100C (1992 ed.).

[6]As we noted in *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 648 (1978), "the distinction between expungement of a record and sealing of a record is important. The former term refers to . . . an order to remove and destroy records 'so that no trace of the information remains.' The latter term refers to those steps taken to segregate certain records from the generality of records and to ensure their confidentiality to the extent specified in the controlling statute."

[7]This section directs that statutes concerning delinquency proceedings "shall be liberally construed so that the . . . discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they should be treated, not as criminals, but as children in need of aid, encouragement and guidance." G. L. c. 119, § 53 (1992 ed.).

decisions are guided by the best interests of the child. *Police Comm'r of Boston, supra* at 666. The judge has very broad discretion in the Commonwealth's effort to rehabilitate the child and to further the child's best interests. *Id.* at 666-667. The avoidance of attaching the stigma of a criminal to the child is of great importance. *Id.* at 667. See *Metcalf* v. *Commonwealth*, 338 Mass. 648, 651 (1959). "There would be a considerable irony if a court charged with exercising its function in a manner consistent with [G. L. c. 119, § 53,] was viewed not to have the power to take the necessary steps to ensure that in proper circumstances the juvenile shall suffer no injury as a result of involvement with the judicial process by the dissemination of records which have in some ways an impact equivalent to criminal records. Accordingly, the scope of a Juvenile Court's powers necessarily implies that a Juvenile Court has jurisdiction to order expungement of police records as a matter ancillary to its power to hear and dispose of a complaint in a manner consistent with the best interests of the child and the philosophy of the Juvenile Court system." *Police Comm'r of Boston, supra* at 668. Because the expungement order was motivated by these special concerns, we concluded that the court correctly exercised its ancillary power and expunged the records.

Further, in *Police Comm'r of Boston, supra* at 660, we noted that "there are no statutes in the Commonwealth regulating the maintenance and dissemination of juvenile arrest records." The absence of a legislative scheme was a factor on which we based our determination that the judge acted properly. *Police Comm'r of Boston, supra* at 660-661. We said that, "[i]t appearing that there is a grave potential for injury to a juvenile due to the maintenance and dissemination of his records, and that the statutes of the Commonwealth . . . are insufficient to prevent its occurrence, we conclude that the power to order expungement . . . is a power that properly may be exercised by the courts of the Commonwealth as a necessary adjunct to their exercise of judicial power" (citation omitted). *Id.* By contrast, G. L. c. 276, § 100C, pro-

vides for the confidentiality of records held by the department in these circumstances (dismissal of a complaint) by sealing.

We think that generally *Commonwealth* v. *Vickey*, 381 Mass. 762 (1980), governs. In that case, we said that a person convicted of a crime and later pardoned was not entitled to have his record sealed because the terms under which a convicted person was entitled to have his record sealed were "spelled out by the Legislature in terms which require no judicial enlargement." *Id.* at 772.

*Appeal dismissed.*

WILKINS, J. (dissenting). The court reaches out to grasp a nonissue, one not argued by the parties before us and one not relied on by the judge who declined to act on the motion of the Department of Probation (department) to vacate the order of expungement. The department was not a party to the criminal proceeding and thus had no right to appeal from the order. The court does not say why the department was bound by the order and thus, at its peril, failed to appeal seasonably. No appeal period exists or is needed in these circumstances.

I would decide this case on the merits for the reasons given by the court. The court's dismissal of the appeal results in the expungement of a record in the judicial department that all justices participating in this case agree should not be expunged, but need only be sealed.