COMMONWEALTH & others *vs.* JANE ROE.[1] April 19, 1995. *Judge. Practice, Criminal*, Report. *Criminal Records*.

On December 28, 1992, the defendant was arraigned in the Roxbury District Court on a complaint which charged her with the unlawful possession of a sawed-off shotgun, G. L. c. 269, § 10 (*c*) (1992 ed.); unlawful possession of a firearm without a firearm identification card, G. L. c. 269, § 10 (*h*) (1992 ed.); assault by means of a dangerous weapon, G. L. c. 265, § 15 B (1992 ed.); and threatening to commit a crime, G. L. c. 275, § 2 (1992 ed.). On May 6, 1993, the charges against the defendant were dismissed for want of prosecution. On May 13, 1993, the defendant filed a "Motion to Expunge," requesting that the court "order the Commissioner of the Department of Probation, or his agents, [to] expunge [the fact of the charges in the criminal complaint] from the defendant's probation record . . . [and] direct the police department . . . to produce for destruction all records resulting from arrest, including defendant's fingerprint records (including those sent to other law enforcement agencies); mug shots; the arrest booking sheet; the incident report in this matter; and the defendant's central indexing card." The department of probation and the Boston police department opposed the motion. On August 18, 1993, a judge in the District Court denied the defendant's motion and sought to report to the Appeals Court pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), five questions concerning his authority to decide a motion to expunge criminal records and other matters pertaining to the motion.[2] We granted the defendant's application for direct appellate review. We order the report discharged, but exercise our discretion to comment on the merits briefly. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

1. The judge lacked authority to make the report for the reasons discussed in *Commonwealth* v. *Doe*, *ante* 142, 145-146 (1995).

2. After the proceedings on the defendant's motion to expunge were concluded in the District Court, this court decided *Commonwealth* v. *Balboni*, 419 Mass. 42 (1994), where we concluded that, in the case of adult defendants, the existence of the sealing statute, G. L. c. 276, § 100C, is sufficient, in cases that are appropriate for sealing, to protect the confidentiality of criminal records, and, as a result, defendants do not have expungement as an available remedy. *Id.* at 46-47. See *Commonwealth* v. *Vickey*, 381 Mass. 762, 772 (1980). The defendant in this case, therefore, could not seek expungement and her motion was properly denied for lack of authority of the judge to grant it. The other issues raised by the judge in

---

[1]We allowed a motion by the defendant to refer to her by a pseudonym.

[2]The same judge denied the petition of the defendant in *Commonwealth* v. *Doe*, *ante* 142 (1995), to seal his criminal record pursuant to G. L. c. 276, § 100C, second par. (1992 ed.), and the judge's report covered the issues of concern to him in both cases.

connection with the consideration and disposition of a motion to expunge fall by the wayside.

3. The defendant, if she chooses, may pursue a petition to seal her record under G. L. c. 276, § 100C, second par. (1992 ed.), in accordance with the standards described in *Commonwealth* v. *Doe, supra* at 146-153.

*Report discharged.*

*Beth L. Eisenberg* for the defendant.

*William J. Duensing,* Assistant Attorney General, for the Commonwealth & another.

*Joanne L. Belasco* for Boston Police Department.