COMMONWEALTH *vs.* ALBERT ROBERTS.[1]

No. 94-P-1998.

Suffolk. September 7, 1995. - October 30, 1995.

Present: BROWN, KASS, & GREENBERG, JJ.

*Criminal Records. Jurisdiction,* Disposition of criminal records.

A District Court judge, acting on a former defendant's motion to expunge
his record after dismissal on the Commonwealth's motion of a charge of
disorderly conduct, was limited by the statutory scheme set forth in
G. L. c. 276, § 100C, second par., to a determination in accordance
with *Commonwealth* v. *Doe,* 420 Mass. 142 (1995), whether the de-
fendant's record should be sealed. [356-359]


COMPLAINT received and sworn to in the Roxbury Division
of the District Court Department on October 15, 1993.

The case was heard by *Milton L. Wright, Jr.,* J.

*Ellyn H. Lazar,* Assistant Attorney General, for the
Commonwealth.

*William Talley, Jr.,* for the defendant.

KASS, J. Having determined not to prosecute further a
charge of disorderly conduct against the defendant, Roberts,
the government moved to dismiss the charge, and it was dis-
missed. Thereupon, Roberts moved to expunge the record of
his arrest. That motion, over the opposition of the Common-
wealth (acting at the behest of the department of probation
and the Boston police department), was allowed by a judge
of the District Court. The position pressed on appeal by the
Commonwealth is that the District Court judge wrongly ex-
punged Roberts' record and was limited by the statutory
scheme described in G. L. c. 276, § 100C, second par., to
sealing Roberts' record. We think the government's position
is fundamentally correct.

---

[1] A pseudonym.

If a record of involvement with criminal process is expunged, the traces (e.g., complaints, arraignments, fingerprints, photographs, police reports, arrest registers) literally vanish and no indication is left behind that information has been removed. *Police Commr. of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 648 (1978).[2] When records are sealed under G. L. c. 276, § 100C, they do not disappear; they continue to exist but become unavailable to the public. An applicant for employment may respond "no record" to an inquiry about a prior arrest or court appearance if the record relating to that arrest or appearance has been sealed. G. L. c. 267, § 100C, fourth par. The ability so to do goes a long way toward avoiding the stigma which may attach to a person who has been the subject of criminal complaint but has not been convicted. See *Police Commr. of Boston* v. *Municipal Court of the Dorchester Dist.*, *supra* at 659; *United States* v. *Dooley*, 364 F. Supp. 75, 78-79 (E.D. Pa. 1973). Under the sealing procedure, however, the raw data continues to be available to law enforcement officials (police, probation officers, and courts). If the person with a sealed record should subsequently become involved with prosecutorial authority, that individual does not enjoy as clean a slate as one whose record has been expunged. See further, as to the distinction between expungement and sealing, *Commonwealth* v. *Balboni*, 419 Mass. 42, 45 n.6 (1994).

*Police Commr. of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. at 661, speaks of the authority

---

[2]Almost synonymous with expungement is the word "purge," defined by G. L. c. 6, § 167, inserted by St. 1972, c. 805, § 1, to mean to "remove from the criminal offender record information system such that there is no trace of information removed and no indication that said information was removed." The difference between purging and expungement is that purging, within the meaning of § 167, removes material from the criminal offender record information (CORI) system, but does not necessarily reach traces of involvement with law enforcement that are tucked away outside CORI. The provisions relating to the CORI system appear at G. L. c. 6, §§ 167-178. They set out how criminal records are to be maintained, disseminated, or held in confidence. CORI interacts with G. L. c. 276, § 100C, in that CORI governs how sealed records shall be maintained, disseminated, or held in confidence.

of a court to expunge a person's record as a "necessary adjunct" to the "exercise of judicial power" and that statutory grants of power to purge records (as in G. L. c. 6, § 171) are but "recognition of the authority of courts to act to the full extent of their previously existing jurisdiction." *Id.* at 650-651. It is on the strength of that language that Roberts urges that judges in Massachusetts are not limited to the remedy of sealing a record, provided for in G. L. c. 276, § 100C, but have the inherent power to exceed the statutorily granted authority by entering an order of expungement.

The decisional law is otherwise. As early as *Commonwealth* v. *Vickey*, 381 Mass. 762, 766 (1980), the court remarked that its language in the *Police Commr. of Boston* case did not undercut the specific language of the sealing statutes. In *Commonwealth* v. *Balboni*, 419 Mass. at 46, the court observed that the absence of a legislative scheme to cloak criminal records with confidentiality was the determinative factor for deciding in *Police Commr. of Boston* that a judge had inherent authority to expunge a record. More recently, *Commonwealth* v. *Roe*, 420 Mass. 1002 (1995), said that the existence of the sealing statute was sufficient to protect the confidentiality of criminal records and that, when the remedy of G. L. c. 276, § 100C, is available, a judge does not have authority to allow a motion for expungement.[3]

Under the second paragraph of § 100C, inserted by St. 1973, c. 322, § 1, sealing is a remedy someone in Roberts' situation may pursue. That paragraph provides:

> "In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, except in cases in which an order of probation has been terminated, and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files. The clerk shall forthwith notify the commissioner of probation and the probation officer of the courts in

---

[3]The *Roe* case was decided more than a year after the allowance of the defendant's motion to expunge in this case.

which the proceedings occurred or were initiated who shall likewise seal the records of the proceedings in their files."

Sealing does not automatically follow entry of a determination not to prosecute further or a dismissal of the complaint or indictment.[4] The judge must decide that substantial justice to the accused warrants that an interest in confidentiality trumps the public right of access to records generated in criminal proceedings. *Commonwealth* v. *Doe*, 420 Mass. 142, 147 (1995). As a general proposition, sealing is to be reserved for the exceptional case. *Id.* at 149. See also *Globe Newspaper Co.* v. *Pokaski*, 868 F.2d 497, 506-507 (1st Cir. 1989). Something more than a general interest in reputation and privacy should be the ground for sealing. *Id.* at 507 n.18. *Commonwealth* v. *Doe*, 420 Mass. at 149. The *Doe* case spells out at, *id.* 151-153 the elements of the inquiry into whether "substantial justice" requires sealing of the record of an accused.

Applying those criteria to the defendant, Roberts, the case for sealing is stronger if the prosecution was abandoned because it was founded on a mistake. It is peculiarly unjust to saddle an individual with a record in a case that should never have been begun. If the prosecution was abandoned because an essential witness was on vacation and the government decided, on balance, that it was not worth pressing the matter further some other day, then the argument for sealing rests on softer ground. See *Commonwealth* v. *Doe*, 420 Mass. at 151. The District Court judge, on remand, should also consider whether the position of the defendant is such that "it is substantially probable that future opportunities are likely to be affected adversely by the existence of an arrest record." *Id.* at 152. The determination of those questions rests in the

---

[4]In contrast to the discretionary nature of sealing under the second paragraph of § 100C, the first paragraph of the statute mandates sealing when a defendant has been found not guilty, a no bill has been returned by the grand jury, or a finding of no probable cause has been made by a court.

sound discretion of the judge who hears the motion to seal the record.

The order expunging the defendant's record in the instant case is vacated. The case is remanded to the District Court so that the judge may entertain, conformably with this opinion, a motion under G. L. c. 276, § 100C, second par., to seal the defendant's record. Pending decision on such a motion, the defendant's court record shall be impounded.

*So ordered.*