## COMMONWEALTH *vs.* S.M.F.

No. 95-P-996.

Suffolk. January 3, 1996. - February 7, 1996.

Present: KASS, IRELAND, & LENK, JJ.

*Criminal Records. Judge.*

A District Court judge acted within his authority to order that a criminal complaint be amended to name the defendant as "Jane Doe" and that the entries regarding the originally named defendant be expunged from the records of the Commissioner of Probation and the Criminal History Systems Board, where the provisions of G. L. c. 276, § 100C, relative to sealing the record were not applicable, inasmuch as Jane Doe was the person arrested and whom the Commonwealth wished to prosecute and where Jane Doe had falsely identified herself as the defendant originally named in the complaint, a wholly innocent party. [43-46]

COMPLAINT received and sworn to in the Boston Municipal Court Department on July 12, 1993.

A motion to expunge records was heard by *Raymond G. Dougan, Jr., J.*

*Ellyn H. Lazar,* Assistant Attorney General, for the Commonwealth.

*F. Robert Houlihan* for the defendant.

KASS, J. Someone broke into S.M.F.'s automobile and stole from it her purse. Identifying documents (e.g., driver's license) in that purse contained S.M.F.'s address, date of birth, and social security number. Subsequently, an unidentified woman we shall call Jane Doe, who had obtained those identity papers (she was very likely the thief), was arrested on charges of assault and battery by means of a dangerous weapon and receiving stolen property. Doe falsely identified herself as S.M.F. By the time Jane Doe's deception was uncovered, S.M.F.'s name and personal data, the complaints against her, and the disposition of those complaints had been entered in

the records of the Department of Probation. The Commonwealth appeals from an order by a judge of the Boston Municipal Court that those entries be expunged. We are of opinion that S.M.F.'s situation presents the limiting case to principles discussed in three recent decisions, *Commonwealth* v. *Balboni*, 419 Mass. 42, 46-47 (1994), *Commonwealth* v. *Roe*, 420 Mass. 1002, 1003 (1995), and *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. 355 (1995), and we affirm the order of expungement.[1]

We fill in some procedural details. When, on August 17, 1993, Doe's impersonation was reported to the judge by an assistant district attorney, the judge ordered entries to be made on the docket that S.M.F.'s identification had been stolen; that the person who had been arrested was not S.M.F.; that S.M.F. was found not guilty; that S.M.F. be discharged as a defendant; and that a new complaint be issued in the name of Jane Doe with a picture of the true defendant attached.[2] On December 21, 1994, S.M.F. moved the court to expunge the name of S.M.F. from the complaints; to order that the Commissioner of Probation expunge from the records of his department the name of S.M.F. and accompanying personal data; and to order the expungement of S.M.F.'s name and accompanying data from the record of the Criminal History Systems Board. Over the objection of the Department of Probation, the judge ordered that the complaint be amended to read "Jane Doe" and that the entries regarding S.M.F. be expunged from the records of the Commissioner of Probation and the Criminal History Systems Board.

On appeal, the Commissioner, relying on *Commonwealth* v. *Vickey*, 381 Mass. 762, 772 (1980), *Commonwealth* v. *Balboni*, 419 Mass. at 46-47, and *Commonwealth* v. *Roe*, 420 Mass. at 1003,[3] argues that the judge lacked power to expunge records and could only order their sealing conformably with G. L. c. 276, § 100C. Those cases, reviewed in *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. at 357, describe the

[1]We have jurisdiction over a case arising out of G. L. c. 276, § 100C, and expungement orders by the District Court judge because the action required of the District Court judge is fundamentally equitable in nature. See *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42, 47-49 (1983); *Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 180-181 (1989).

[2]Jane Doe and S.M.F. looked wholly unlike each other.

[3]*Commonwealth* v. *Roberts*, 39 Mass. App. Ct. 355 (1995), had not been decided when the briefs in the instant case were filed.

general rule that judges, to achieve confidentiality of criminal records, are to apply the statutory method of sealing laid out in G. L. c. 276, § 100C. In cases to which that statute is applicable, exercise of the judicial power of expungement is no longer within the authority of the judge. When § 100C or other confidentiality statutes[4] are *not* applicable, the trial courts may invoke their inherent power to order expungement of criminal records. See *Police Commr. of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 660-665 (1978), in which it was held that a judge of the Juvenile Court had authority to expunge the arrest record (including fingerprints and photographs) of a juvenile in the absence of a statute that regulated the maintenance and dissemination of juvenile arrest records.

The sealing statute, G. L. c. 276, § 100C, as amended through St. 1984, c. 123, in its first paragraph mandates[5] the sealing of the court and probation records of a defendant who has been found not guilty, as to whom a grand jury has returned a "no bill," or as to whom a judge has made a finding of no probable cause. *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. at 358 n.4. Under the second paragraph of § 100C, if there has been entry of a determination not to prosecute (nolle prosequi) or dismissal of a case, the judge is to seal the defendant's records if "substantial justice would best be served," qualifying language that requires the judge to weigh the confidentiality interests of the accused against the public interest in access to criminal justice records. *Id*. at 358-359. See *Globe Newspaper Co.* v. *Pokaski*, 868 F.2d 497, 506-507 (1st Cir. 1989).

In both categories of disposition, the statute deals with the confidentiality of records of persons against whom proceedings were begun by a deliberate act of prosecution against the named person. Those proceedings might then terminate in favor of the accused by reason of failure of evidence or by administrative decision, the latter sometimes resting on the former. Sealing, as the *Balboni, Roe,* and *Roberts* line of cases

---

[4]See, e.g., G. L. c. 276, § 100B, pertaining to the sealing of delinquency records, or G. L. c. 94C, § 44, pertaining to the sealing of records of persons found not guilty of a drug offense.

[5]The records are not to be sealed, however, "if the defendant makes a written request to the commissioner [of probation] not to seal the records of the proceedings." G. L. c. 276, § 100C, first par., last sentence.

observes, does not render the sealed records inaccessible to law enforcement authorities. This reflects a legislative judgment that a person's prior record of accusations that have been dismissed or resulted in a not guilty finding are potentially useful in connection with future encounters between the accused person and law enforcement authorities.

Here, the deliberate act of prosecution was not against S.M.F. She was not arrested, tried, and acquitted — a case on which G. L. c. 276, § 100C, would have a bearing. Nor was there a decision not to prosecute the complaint. Jane Doe was the person arrested and the Commonwealth has every intention to press the prosecution against Jane Doe if it can find her. The complaint was altered to name Jane Doe, rather than S.M.F. Since what occurred does not fit in either of the two categories of dispositions contemplated by § 100C, the case falls into that residual category not covered by statute and as to which the inherent judicial power to expunge survives.

Indeed, there is concession to the continued vitality of the inherent judicial power to expunge criminal records in the language of G. L. c. 6, § 171, having to do with criminal offender record information. That statute, inserted by St. 1972, c. 805, § 1, provides in part that:

> "The [Criminal History Systems Board] shall promulgate regulations . . . assuring the prompt and complete purging of criminal record information insofar as such purging is required . . . by the order of any court of competent jurisdiction."

For purposes of § 171, the word "purging" means:

> "remov[ing] from the criminal offender record information system such that there is no trace of information removed and no indication that said information was removed." G. L. c. 6, § 167, inserted by St. 1972, c. 805, § 1.[6]

If purging is recognized by statute, it cannot be, as the Com-

---

[6]"Purging" is almost synonymous with "expunging" or "expungement." See *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. at 356 n.2.

monwealth contends, that sealing is the universal and exclusive means of avoiding damage to the reputation of persons whose names have mistakenly found their way into criminal records.

As we have indicated, the line of cases from *Commonwealth v. Vickey, supra,* to *Commonwealth v. Roberts, supra,* assumes some marginal utility to the preservation of criminal record information even though that information was developed in connection with cases which did not end in a finding of guilt. There is, however, no utility in records that are false and misleading. As the records of the Department of Probation now stand, they give the impression that S.M.F. — not a person using that name as an alias — was arrested, arraigned, tried, and acquitted. None of that happened. No rational public policy favors the preservation of a fictitious record. Yet the capacity of a fictitious record to do mischief is considerable. Criminal records, even if sealed, can form a cloud of prosecution. *Police Commr. of Boston v. Municipal Court of the Dorchester Dist.,* 374 Mass. at 659. Nobody who is entirely disconnected from the criminal episode should remain under such a cloud.

The order to expunge the record of S.M.F. from the court, Department of Probation, and Criminal History Systems Board records is affirmed.

*So ordered.*