## COMMONWEALTH *vs.* TINA BOE.[1]

No. 07-P-1300.

Suffolk. September 10, 2008. - February 5, 2009.

Present: CYPHER, GRASSO, & VUONO, JJ.

Further appellate review granted, 453 Mass. 1106 (2009).

*Criminal Records. Practice, Criminal,* Dismissal, Record.

A Boston Municipal Court judge correctly ordered the expungement of the
defendant's record, where the complaint never should have been issued (in
that the female defendant was charged with a crime committed by a man
not identified by the police, and in that the defendant, who was misdirected
by a court employee to the wrong session, had no opportunity to demonstrate
the error of the police to a clerk-magistrate) and created an unwarranted
entry of a criminal record for the defendant, and where the sealing statute,
G. L. c. 276, § 100C, second par., was neither applicable nor adequate.
[649-652] GRASSO, J., dissenting.

COMPLAINT received and sworn to in the West Roxbury Divi-
sion of the Boston Municipal Court Department on September
11, 2006.

A motion to expunge was heard by *Kathleen E. Coffey*, J.,
and a motion to reconsider was considered by her.

*Maura D. McLaughlin*, Assistant Attorney General, for the
Commonwealth.

*Jonathan Harwell* for the defendant.

CYPHER, J. We are asked by the commissioner of probation to
vacate an order of a Boston Municipal Court judge expunging
the defendant's record, and to limit the defendant's remedy to
the scheme in the sealing statute, G. L. c. 276, § 100C, second
par. For reasons which follow, we affirm the judge's expunge-
ment order.

*Background.* We summarize the relevant facts from the undis-
puted findings of the Boston Municipal Court judge. Following
an automobile accident on July 12, 2006, in the Roslindale

---

[1]A pseudonym.

section of Boston, the driver of the damaged car (victim) sought information from the driver of the car that struck hers and injured her passenger. That driver said the car was not his; he threatened to return to the scene with a gun, and drove away without giving his name, address, or registration, as required by G. L. c. 90, § 24(2)($a^{1/2}$)(1). The victim called the Boston police and reported the accident to an officer. She described the car which struck hers, reported the license number, and described its driver as a short Hispanic male who wore a Red Sox cap and a plaid shirt.

The police traced the license number given by the victim through the registry of motor vehicles, and on July 15, 2006, another police officer mailed a citation to the registered owner, the defendant, Tina Boe. On July 19, 2006, the officer applied for a criminal complaint in the Boston Municipal Court Department.

Responding to notice of a hearing before a clerk-magistrate on September 11, 2006, Boe arrived on time, but mistakenly was directed to an arraignment session by a court employee. After a long wait, she asked another employee about her case, and was told she was in the wrong area. She was then directed to the clerk's office, where she learned that a criminal complaint had been issued, and was informed that she would receive a summons by mail for the next court date.

On September 26, 2006, Boe was arraigned after an attorney was appointed for her. At a pretrial hearing on November 3, 2006, the Commonwealth and the defendant filed a joint motion requesting that all information in the case be expunged on the ground that Boe mistakenly was identified as the perpetrator of the charged crime. The judge allowed the motion, dismissed the complaint, and ordered expungement of Boe's record.

On January 18, 2007, the commissioner of probation (commissioner) filed a motion to reconsider and vacate the judge's expungement order.[2] The judge denied that motion in a written decision on May 7, 2007, and the commissioner appeals, asserting that the judge lacked authority to issue an order of expunge-

---

[2] The judge noted that the commissioner's motion was filed more than sixty days after the entry of the order for expungement, but allowed a waiver of the time restriction where there was no prejudice to Boe, concluding that "[t]he goals of due process and fairness to all parties [would be] advanced."

ment and that the only remedy available to Boe is sealing of her record pursuant to G. L. c. 276, § 100C.[3]

*Discussion.* The commissioner argues that because the complaint filed against Boe was dismissed, the corresponding language of the records sealing statute, G. L. c. 276, § 100C, applies, and that when that statute is applicable, a judge has no authority to order expungement.[4] We think that argument ignores the particular circumstances of the proceedings against Boe that cause this case to fall outside the ambit of the sealing statute.

The judge found that the complaint was defective because it was based on two fundamental errors. First, the police wrongfully assumed that Boe was the operator of the car, merely because she was the registered owner. No investigation had been conducted to determine who actually operated the car at the time of the accident. The police knew from the victim's report that the operator said he was not the owner of the car and that the operator was a male. Second, that error was compounded by the error of a court employee in misdirecting Boe, who had no previous experience with court proceedings. Moreover, the judge found that the error also was compounded by the clerk-magistrate in "issuing a complaint against a female [d]efendant when the underlying police report clearly identified the wrongdoer in the case as a male." Boe had no opportunity to demonstrate the error of the police to the clerk-magistrate.

Because Boe mistakenly was charged with a crime committed by a man not identified by the police, no "deliberate act of prosecution against [her]" could be maintained.[5] *Commonwealth*

---

[3]When a record is expunged, all traces vanish and no indication is left behind that information has been removed. *Police Commr. of Boston* v. *Municipal Ct. of the Dorchester Dist.*, 374 Mass. 640, 648 (1978). By contrast, records that are sealed do not disappear, as the raw data they contain continues to be available to law enforcement officials. *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. 355, 356 (1995).

[4]General Laws c. 276, § 100C, second par., as amended through St. 1984, c. 123, states: "In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court . . . , and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files. The clerk shall forthwith notify the commissioner of probation and the probation officer of the courts in which the proceedings occurred or were initiated who shall likewise seal the records of the proceedings in their files."

[5]The owner of an automobile is not subject to liability in such circum-

v. *S.M.F.*, 40 Mass. App. Ct. 42, 44 (1996). We agree with the judge's conclusion that the complaint "should never have been issued," and that it created an "unwarranted entry" of a criminal record for Boe.

Nevertheless, although the commissioner acknowledges that the complaint erroneously identified Boe, he asserts that her case falls within the provisions of G. L. c. 276, § 100C, because cases falling within that statute are deemed to begin by a "deliberate act of prosecution against the named person," *Commonwealth* v. *S.M.F.*, *supra*, and court records accurately reflect that Boe was charged and appeared in court, and that the charge was dismissed.[6] We disagree. It is one thing to initiate a prosecution against a person who has a colorable involvement in a crime, but it is unacceptably Kafkaesque to initiate a prosecution where that person is disconnected from the charged crime. To allow Boe's name to be carried forward in court records in these circumstances would, as the judge found, constitute a miscarriage of justice, because seal-

stances. The statute "making it a criminal offence for the driver of an automobile to go away after knowingly causing injury to a person without stopping and making known his name, residence and the number of his vehicle, relates only to the operator and does not create any liability, criminal or civil, on the part of an owner who is not the operator." *Nager* v. *Reid*, 240 Mass. 211, 214 (1921).

[6]Here, the dissent essentially adopts the position of the commissioner who cites the record in *Commonwealth* v. *Gavin G.*, 437 Mass. 470, 483 n.13 (2002), a juvenile's case. To the extent that the commissioner seeks to apply any procedure or rulings in that case to the present case, his reliance on *Gavin G.* is misplaced. The court in that case noted that Juvenile Court proceedings are protected by "a detailed statutory scheme" and that those "precise kinds of statutory protections . . . , having been enacted by the Legislature, make other remedies (including the remedy of expungement) inappropriate." *Id.* at 473, 475. The commissioner points to no similarly detailed statutory scheme for adults. In any event, *Gavin G.* does not alter the long-standing interpretations of G. L. c. 276, § 100C, in cases such as *Commonwealth* v. *Doe*, 420 Mass. 142 (1995), and *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. 355 (1995).

Because we disagree with the commissioner and the dissent that § 100C is applicable in Boe's case, it is not necessary to further discuss their reliance on *Gavin G.* in support of their view that Boe's only remedy is sealing under that statute.

Furthermore, even if *Gavin G.* applied, the Supreme Judicial Court recognized that "[s]teps to correct genuine inaccuracies in the probation record . . . and steps to prevent the information in the record from being misleading, are permissible and appropriate." *Commonwealth* v. *Gavin G.*, *supra* at 483 n.13.

ing "does not render the sealed records inaccessible to law enforcement authorities." *Commonwealth* v. *S.M.F.*, *supra* at 45.

"When records are sealed under G. L. c. 276, § 100C, they do not disappear; they continue to exist but become unavailable to the public. . . . Under the sealing procedure, . . . the raw data continues to be available to law enforcement officials (police, probation officers, and courts). If the person with a sealed record should subsequently become involved with prosecutorial authority, that individual does not enjoy as clean a slate as one whose record has been expunged." *Commonwealth* v. *Roberts*, 39 Mass. App. Ct. 355, 356 (1995).

"When § 100C or other confidentiality statutes [such as G. L. c. 276, § 100B] are *not* applicable, the trial courts may invoke their inherent power to order expungement of criminal records. See *Police Commr. of Boston* v. *Municipal Ct. of the Dorchester Dist.*, 374 Mass. 640, 660-665 (1978)."[7] *Commonwealth* v. *S.M.F.*, *supra* at 44.

The judge recognized that the sealing remedy of § 100C was neither applicable nor adequate, and properly applied the purging recognized by statute.[8] "If purging is recognized by statute, it cannot be, as the [commissioner] contends, that sealing is the universal and exclusive means of avoiding damage to the reputation of persons whose names have mistakenly found their way into criminal records." *Commonwealth* v. *S.M.F.*, *supra* at 45-46.

No one whose name mistakenly has been introduced into criminal records should be subjected to the future "cloud of prosecution" which will remain if that person's record is not cleared.

[7]If G. L. c. 276, § 100C, second par., were applicable in this case, sealing of the record would not be automatic, and Boe would be required to pursue the two-step procedure outlined in *Commonwealth* v. *Doe*, *supra* at 151-153. We think the burden thereby placed on Boe to show that the mistake thrust upon her should be sealed would be fundamentally unfair.

[8]General Laws c. 6, § 171, inserted by St. 1972, c. 805, § 1, provides, in relevant part: "The [criminal history systems board] shall promulgate regulations . . . assuring the prompt and complete purging of criminal record information, insofar as such purging is required . . . by the order of any court of competent jurisdiction . . . ."

It is significant that this statute was not amended by the enactment of G. L. c. 276, § 100C, in 1973, and that it continues to have a parallel existence with § 100C.

*Police Commr. of Boston* v. *Municipal Ct. of the Dorchester Dist., supra* at 659, quoting from *United States* v. *Dooley*, 364 F. Supp. 75, 78-79 (E.D. Pa. 1973).

The order to expunge Boe's record from the court, the department of probation, and the criminal history systems board is affirmed.

*So ordered.*

GRASSO, J. (dissenting). I respectfully dissent. Were we writing on a blank slate, we might well affirm the order to expunge Boe's probation and court records as an appropriate exercise of a judge's inherent common-law power to accomplish substantial justice in the circumstances.[1] We may not do so, however, because G. L. c. 276, § 100C, prescribes how the records of dismissed prosecutions, even those commenced without substantial basis or after an apparently slipshod investigation, shall be maintained. See *Commonwealth* v. *Gavin G.*, 437 Mass. 470, 475 (2002) (where statutory protections have been enacted by the Legislature, other remedies, including expungement, are inappropriate). The majority's holding that § 100C is neither applicable nor adequate and that expungement is authorized by G. L. c. 6, § 171, blinks at the plain language of § 100C and the teaching of numerous opinions of the Supreme Judicial Court and this court regarding the lack of authority of a judge to order the expungement of probation and court records of criminal proceedings.[2] See *Commonwealth* v. *Gavin G., supra.*

The law is now well established that where the Legislature has prescribed the remedy for dealing with the sealing or ex-

---

[1] Unchallenged though they are, the judge's findings derive from representations of defense counsel and the prosecutor in seeking dismissal of the complaint, not from an evidentiary hearing. We pass over this anomaly because the circumstances surrounding the investigation and issuance of the complaint against Boe, the legal adequacy of the charge, and the basis for its dismissal are immaterial where the charge was brought against Boe, and not someone else.

[2] Because the charge against Boe arose as a result of citation and a summons to appear in court, she was not arrested. In consequence, no records of arrest arose, and her motion to expunge did not encompass a request to expunge police records such as photographs, fingerprints and the like.

pungement of criminal records, judges may not rely on the ancillary power of the court to substitute their view of the appropriate remedy. That G. L. c. 276, § 100C, is such a legislative expression of prescribed remedy is beyond doubt. See *Commonwealth v. Gavin G., supra.*

In *Commonwealth* v. *Vickey,* 381 Mass. 762, 766 (1980), and *Commonwealth* v. *Balboni,* 419 Mass. 42, 45-46 (1994), the Supreme Judicial Court was careful to note that its decision in *Police Commr. of Boston* v. *Municipal Ct. of the Dorchester Dist.,* 374 Mass. 640, 678 (1978), did not undercut the specific language of the sealing statutes. Where the Legislature has set forth sealing as the prescribed remedy for limiting access to the record of a judicial proceeding, a judge lacks the power to enlarge on the prescribed remedy. See *Commonwealth* v. *Balboni,* 419 Mass. at 44-47.[3] Likewise, in *Commonwealth* v. *Roe,* 420 Mass. 1002, 1002 (1995), the court rejected a defendant's request for expungement of her probation record and the police records of her arrest. "[I]n the case of adult defendants, the existence of the sealing statute, G. L. c. 276, § 100C, is sufficient, in cases that are appropriate for sealing, to protect the confidentiality of criminal records, and, as a result, defendants do not have expungement as an available remedy." *Ibid.* In *Commonwealth* v. *Roberts,* 39 Mass. App. Ct. 355, 357 (1995), this court concluded that the statutory grant of power to purge records contained in G. L. c. 6, § 171, does not expand the remedy set forth in G. L. c. 276, § 100C, and permit expungement.

"The sealing provisions of § 100C, second par., express the State's interest in preserving confidentiality and avoiding harm that may arise from the unnecessary maintenance and dissemination of criminal records." *Commonwealth* v. *Doe,* 420 Mass. 142, 151 (1995). Indeed, in *Doe,* the Supreme Judicial Court recognized that a defendant's interest in the confidentiality of his records has "the potential for conflicting with the right of access to records submitted in connection with criminal proceed-

---

[3]In *Balboni,* especially, the court noted that the absence of a legislative scheme and the unique goals of the juvenile justice were determinative factors that gave rise in *Police Commr. of Boston, supra,* to the decision that a judge had inherent authority to order the expungement of *police records.* See *Commonwealth* v. *Balboni,* 419 Mass. at 45.

ings guaranteed by the First Amendment to the United States Constitution." *Id.* at 147. "Even though a case has not been prosecuted, information within a criminal record may remain useful, . . . and, of course, is presumed open to the public and the media." *Id.* at 151.[4] Balanced against the harm arising from the unnecessary maintenance and dissemination of criminal records is the harm to the integrity of the criminal process arising from the improper, unequal, or arbitrary disposition of criminal cases owing to favoritism or other impermissible bases. See *Commonwealth* v. *Pappas,* 384 Mass. 428, 431 (1981) (statutory requirement of prompt citation designed to prevent or discourage "fix" or corrupt manipulations of criminal processes); *Commonwealth* v. *Cameron,* 416 Mass. 314, 316 n.2 (1993). Requiring the record of a dismissed prosecution to be maintained and not expunged avoids the even greater mischief that could ensue were a case to be dismissed by a judge and the record expunged, without trace of that proceeding remaining.

Most recently, in *Commonwealth* v. *Gavin G.,* 437 Mass. at 475, the court reiterated its admonition that a judge does not possess the inherent power to expunge probation records in the face of G. L. c. 276, § 100C. Rejecting the juvenile's claim that the special interests of the juvenile justice system empowered a Juvenile Court judge to order expungement of juvenile probation records,[5] the court emphasized that because a detailed statutory scheme protects the confidentiality of probation records, other remedies such as expungement are inappropriate. "[I]t is for this very reason — the protection of adult records by way of sealing under G. L. c. 276, § 100C — that we have held that judges have no authority to expunge adult records." *Ibid.* Where the Legislature has struck a balance between an adult's (or a juvenile's) interest in not being unfairly prejudiced by his record and

---

[4]In consequence, the court endorsed a two-stage proceeding for hearings to seal under § 100C. *Commonwealth* v. *Doe,* 420 Mass. at 149-150. Where none of the parties challenges the appropriateness of sealing Boe's probation and court records pursuant to § 100C, we need not address whether the statutory requisites for sealing have been satisfied.

[5]Because the police department involved did not appeal from the judge's expungement order, the court did not address the propriety of the portion of the expungement order pertaining to the police records. *Commonwealth* v. *Gavin G.,* 437 Mass. at 472 n.3.

the needs of the courts and law enforcement agencies for information pertaining to court proceedings, judges do not have the authority to reset that balance on a case-by-case basis. *Id.* at 476.

The majority's suggestion that the defective nature of the complaint against Boe renders G. L. c. 276, § 100C, inapplicable and warrants expungement is an illusory distinction that was categorically rejected in *Gavin G.*:

> "Conspicuously absent from [the] entire legislative scheme governing court and probation records, whether for adults or juveniles, is *any* suggestion that the Legislature intend such records be destroyed. . . . As illustrated by G. L. c. 276, § 100C, the Legislature was not ignorant of the fact that some persons are wrongly accused of crime and wrongly brought before the courts on these charges. When addressing the precise predicament of a wrongfully accused adult unfairly acquiring a criminal record, the Legislature still opted for sealing, not destruction or expungement of records. As to both juveniles and adults, the Legislature is apparently satisfied with provisions for confidentiality and sealing of records to address the precise problem posed by . . . wrongful or mistaken accusations of criminal conduct." (Footnote omitted.)

*Id.* at 482-483.

Likewise, the majority's contention that *Gavin G.* is inapposite misapprehends the essential reasoning of the case regarding probation and court records. What occurred to Boe is not, as the majority would have it, the kind of occurrence in which expungement is a permissible and appropriate step to prevent information in the record from being misleading and inaccurate. Indeed, *Gavin G.* observed:

> "[E]xpungement of the record following the dismissal of charges . . . cannot be treated as merely 'correcting' a record that is 'inaccurate' in the sense that the person should not have been charged. . . . [T]he probation records accurately reflect that [the defendant] was charged with particular offenses on a particular date, that the matters were heard in court on particular dates, that [the defendant] attended court on those dates, and that the charges were dismissed on a particular date. Whether the proceed-

ings chronicled in the probation records *should* have occurred does not change the fact that they *did* occur, and [the defendant's] contention that he should not have been charged in the first place does not make the records themselves 'inaccurate.' "

*Id.* at 483 n.13.

The majority's reliance on *Commonwealth* v. *S.M.F.*, 40 Mass. App. Ct. 42 (1996), is similarly misplaced. There, an impostor who had stolen S.M.F.'s identity and papers was arrested, identified herself as S.M.F., appeared before the court on the criminal charges, and continued to perpetrate a fraud by passing herself off as S.M.F. In such circumstances, we concluded that G. L. c. 276, § 100C, was inapplicable and not a bar to expungement. To correct the fraud, the trial court was authorized to expunge S.M.F.'s probation and court records and to substitute the impostor Doe in her place. "[T]he deliberate act of prosecution was not against S.M.F. . . . Jane Doe was the person arrested and the Commonwealth has every intention to press the prosecution against Jane Doe if it can find her." *Id.* at 45.

Here, as in *Gavin G.*, and in contrast to *S.M.F.*, the complaint was sought and issued against Boe; Boe appeared in court, and the charge brought against Boe was dismissed. Regardless whether the charge against Boe may have been brought improvidently, the charge did, in fact, occur, and the record of the charge against her is neither fictitious nor false. See *Commonwealth* v. *Gavin G.*, *supra* ("where the person seeking expungement was never actually charged or brought before the court, but [her] name was used by the actual defendant," expungement is permissible and appropriate).

General Laws c. 276, § 100C, represents the Legislature's considered determination regarding the appropriate remedy in circumstances such as this. To the extent that the Legislature has prescribed a system that the majority views as unacceptably Kafkaesque, it is the province of the Legislature, not of this court, to strike the appropriate balance of interests. I would vacate the order of expungement and remand to the Boston Municipal Court Department so that the judge might entertain a motion to seal the defendant's record in conformity with the statute.