NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1183                                          Appeals Court

COMMONWEALTH  vs.  OCTAVIANO ALVES.

No. 13-P-1183.

Suffolk.     June 9, 2014. - August 27, 2014.

Present:  Kantrowitz, Agnes, & Hines, JJ.[1]


Criminal Records.  Practice, Criminal, Record, Complaint.
     Evidence, Identity.  Mistake.


Complaint received and sworn to in the Dorchester Division
of the Boston Municipal Court Department on March 7, 2012.

A motion to expunge court and criminal records was heard by
James W. Coffey, J., and a motion for reconsideration was heard
by him.


Hung Tran for the defendant.
Amanda Teo, Assistant District Attorney, for the
Commonwealth.


AGNES, J.  The single question before us is whether the

proper remedy for a clerical error that results in the issuance

---

[1] Justice Hines participated in the deliberation on this
case while an Associate Justice of this court, prior to her
appointment as an Associate Justice of the Supreme Judicial
Court.

of a criminal complaint against a person who not only did not commit the crime, but also was never the intended target of the police investigation, is to seal the record pursuant to G. L. c. 276, § 100C.  In the unusual circumstances of this case, we conclude that even though the error was not corrected until the eve of trial when the complaint was dismissed, the statutory remedy of sealing the record was not the only option available to the judge, and that an expungement order is appropriate.[2]

Background. Due to a clerical error, Octaviano Alves (date of birth:  1983) (Alves 1983), was charged with leaving the scene of a motor vehicle accident after causing property damage in violation of G. L. c. 90, § 24(2)(a) (criminal docket number 1207CR1074).  Alves 1983 did not commit the offense, nor was he ever suspected of committing the offense.  The actual perpetrator, i.e., the driver of the vehicle who left the scene, was Octaviano Alves (date of birth:  1977) (Alves 1977).  Alves 1977, the correct defendant, was apprehended by the police, but was not arrested.  A citation was delivered to him in hand.  The

---

[2] We note that the office of the district attorney for Suffolk County concurs with the view expressed by the aggrieved party:  that a judge is authorized to expunge a record in a case like this in which the person charged is not only factually innocent of the crime, but also was never the intended target of the police investigation.  In addition, we were informed at oral argument that the office of the Commissioner of Probation, which was served with copies of the trial papers and appellate brief filed by the aggrieved party, and which is represented by the Attorney General, was made aware of this appeal, but chose not to file a motion to intervene.

police accurately recorded Alves 1977's name, date of birth, Massachusetts license number, and home address. The police filed a timely application for a criminal complaint against Alves 1977. After a "show cause" hearing attended by Alves 1977, see G. L. c. 218, § 35A, as amended through St. 2004, c. 49, § 200, probable cause to issue process was found to exist, but, due to a clerical error, the summons and the complaint contained an incorrect date of birth that corresponded to Alves 1983.

Although the summons and complaint were mailed to Alves 1977's address, he did not appear for arraignment and was defaulted. However, due to the clerical error, the default was recorded incorrectly on the record of Alves 1983, who learned about it during a subsequent appearance in another court. The source of the error was not immediately apparent, and did not become clear to all concerned until about one year after the incident occurred, when, on February 5, 2013, the trial in the case was set to begin. At that time, the prosecutor, the police, the judge, and the probation department agreed that Alves 1983 was factually innocent of the crime and was never the intended target of the police investigation. The judge decided against substituting the correct date of birth on the court and probation records and, instead, decided to dismiss the criminal complaint against Alves 1983, and to issue a new criminal

complaint against Alves 1977. The judge suggested that counsel for Alves 1983 file a motion to expunge his criminal record. Counsel filed such a motion, but when the matter came before a different judge, he denied the motion.[3]

Discussion. General Laws c. 276, § 100C, second par., as amended by St. 2010, c. 256, §§ 131 & 132, provides in part that "[i]n any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files. The clerk shall forthwith notify the commissioner of probation and the probation officer of the courts in which the proceedings occurred or were initiated who shall likewise seal the records of the proceedings in their files." The statute does not provide for alternative remedies

---

[3] The motion filed by Alves 1983 requested the court to order that his record "including but not limited to any and all police reports, 'mug' shots, fingerprints, booking records, booking sheets, computer records, and any and all other records of any nature or description maintained by or created by the court, Boston [p]olice [d]epartment, the Department of Probation and the Department of Criminal Justice Information Services [DCJIS]" relating to the incident in question of January 12, 2012, be expunged. The judge denied the motion to expunge and a motion for reconsideration based on the view that he lacked the authority to grant the relief requested on account of the holding in Commonwealth v. Boe, 456 Mass. 337 (2010), which we discuss in the text, infra. Nevertheless, the judge did observe that "it is unfair to have this entry on his record, when by all accounts he had nothing to do with the incident."

such as expungement,[4] and does not contain any suggestion that under certain circumstances the Legislature intended that the records to which it applies would be destroyed. See Commonwealth v. Gavin G., 437 Mass. 470, 482 (2002).

When a motion to expunge a criminal record is filed on behalf of a person who was charged with, but not convicted of, a crime, the proper response in all but the most exceptional circumstances will be to deny relief because the Legislature has prescribed that sealing a record is the appropriate remedy when a criminal case is terminated by a prosecutor filing a nolle prosequi under Mass.R.Crim.P. 19, 378 Mass. 888 (1979), or a judge dismisses the case. See Commonwealth v. Boe, 456 Mass. 337, 344-346 & n.13 (2010).[5] Thus, whether records subject to

---

[4] "Expungement is a much stronger and more absolute remedy than sealing. When a record is expunged, all traces of it vanish, and no indication is left behind that information has been removed. In contrast, when records are sealed under G. L. c. 276, § 100C, they do not disappear; they continue to exist but become unavailable to the public." Commonwealth v. Boe, 456 Mass. at 338 n.2 (citations omitted).

[5] "The second paragraph of G. L. c. 276, § 100C, authorizes the sealing of a defendant's records only when 'it appears to the court that substantial justice would best be served.' A defendant seeking to have criminal records sealed must follow the two-step procedure described in Commonwealth v. Doe, 420 Mass. 142, 149-151 (1995)." Boe, 456 Mass. at 348 n.15. The procedure for discretionary sealing of a criminal record under G. L. c. 276, § 100C, set forth in the Doe case has been revised. The Supreme Judicial Court has established a new standard for determining when substantial justice would best be served by the sealing of certain criminal records under § 100C. See Commonwealth v. Pon, 469 Mass. 296, 308-321 (2014).

G. L. c. 276, § 100C,  pertain to charges dismissed prior to or subsequent to arraignment makes no difference:  in either case, the remedy for a charge that is dismissed or nol prossed because it is discovered that the person charged did not commit the offense is almost always to seal the record.[6]

That sealing is the default position is illustrated by Commonwealth v. Boe, supra at 338-339.  In Boe, the defendant was the owner of the vehicle that reportedly left the scene of an accident.  Even though the victim described the driver of the vehicle as a short Hispanic male, the police charged the female owner.  She was arraigned on the charge, but when the mistake was discovered, the case was nol prossed and the judge ordered that the records pertaining to the erroneous charge be expunged. Ibid.  In reversing the order of expungement, the Supreme Judicial Court explained that the sole remedy in such a case is to seal the defendant's record in accordance with G. L. c. 276, § 100C.  See id. at 348 ("That Boe should not have been charged with a crime in the first place does not render the information in the record inaccurate or misleading, and, in such circumstances, the Legislature has concluded that the

---

[6] The correction of a court record to make it conform to the true facts is not accomplished by expungement.  The correction of an inaccurate record is an act pursuant to the inherent authority of the court.  See Boe, supra at 348.

appropriate remedy is the sealing of her record" [footnote omitted]).

Nevertheless, despite the fact that the sealing statute does not authorize expungement as an alternative remedy, there are exceptional cases that do not come within the scope of G. L. c. 276, § 100C, in which expungement of criminal records maintained by the court and the Commissioner of Probation is authorized. See Commonwealth v. Moe, 463 Mass. 370, 373 (2012), cert. denied, 133 S. Ct. 1606 (2013). In Moe, the Supreme Judicial Court recognized that ordinary factual mistakes about the identity of the perpetrator of a crime that result in criminal charges being brought against an innocent person do not provide an occasion for the remedy of expungement, even when the erroneous information supplied to the police was the result of intentional misrepresentations by another person. Id. at 376 ("[T]he police officer applied for the criminal complaint based on erroneous information. The complaining officer may have acted negligently in failing to investigate further [the accuser's] story, but negligence is not fraud"). According to the analysis in Moe, in determining whether the remedy of sealing is the exclusive option, the critical question is whether the records accurately reflect the charging decision made by the prosecution and the police.

> "More important, it is clear that the officer intended to initiate the complaint against the defendant himself -- not an impostor. Thus, this is not a case such as S.M.F.,[7] where, because of the actions of the impostor, the court records themselves were completely false and misleading. Like Boe, the defendant should not have been charged with assault by means of a dangerous weapon because no such assault ever occurred. Nonetheless, the criminal records reflect accurately the pertinent underlying facts, namely, that he was charged with this crime, and that the case was later disposed of by entry of a nolle prosequi."

Ibid.

The present case is the rare case in which the criminal charge was a fiction in the sense that it was never the intention of the police or the prosecutor to initiate criminal charges against the person who was charged. See Commonwealth v.

---

[7] The reference "S.M.F." is to Commonwealth v. S.M.F., 40 Mass. App. Ct. 42 (1996). In S.M.F., a woman was arrested for assault and battery by means of a dangerous weapon and receiving stolen property. Ibid. She gave her name as S.M.F. but was in fact an impostor who had probably stolen S.M.F.'s identifying documents. When the deception was discovered, a judge in the Boston Municipal Court ordered, among other things, that S.M.F. be found not guilty and discharged as a defendant, and that a new criminal complaint issue in the name of Jane Doe, the unidentified impostor. Id. at 43. The true S.M.F. moved to expunge her criminal records. Ibid. We found § 100C inapplicable because "the statute deals with the confidentiality of records of persons against whom proceedings were begun by a deliberate act of prosecution against the named person . . . . Here, the deliberate act of prosecution was not against S.M.F. She was not arrested, tried, and acquitted -- a case on which G. L. c. 276, § 100C, would have a bearing. Nor was there a decision not to prosecute the complaint. Jane Doe was the person arrested and the Commonwealth has every intention to press the prosecution against Jane Doe if it can find her . . . . Since what occurred does not fit in either of the two categories of dispositions contemplated by § 100C, the case falls into that residual category not covered by statute and as to which the inherent judicial power to expunge survives." Id. at 44-45.

S.M.F., 40 Mass. App. Ct. 42, 45 (1996). "No rational public policy favors the preservation of a fictitious record. Yet the capacity of a fictitious record to do mischief is considerable. Criminal records, even if sealed, can form a cloud of prosecution. Nobody who is entirely disconnected from the criminal episode should be subjected to such a cloud." Id. at 46. See Police Commr. of Boston v. Municipal Ct. of Dorchester, 374 Mass. 640, 658 (1978) (no valid law enforcement purpose served by maintaining inaccurate records that have no bearing on a person's likelihood of reoffending).

Conclusion. In all cases governed by G. L. c. 276, § 100C, sealing a criminal record is the exclusive remedy, and a judge lacks authority to allow a motion to expunge. This case falls into that narrow and exceptional class of cases in which the person originally charged with the crime was not only factually innocent, but was never the intended target of law enforcement. The presence of these factors takes the case outside the scope of the sealing statute because there is no public policy that favors the retention of such spurious records. Accordingly, the order denying the motion by Alves 1983 to expunge all criminal records pertaining to criminal docket number 1207CR1074 arising out of the incident of January 12, 2012, is vacated. The case is remanded to the District Court for the entry of an order

allowing the motion.[8]

<u>So ordered</u>.

_____

[8] We assume that a certified copy of the court order directing that the records in question be expunged will be transmitted to DCJIS.  See G. L. c. 6, § 167A.  DCJIS has established a procedure to correct inaccurate criminal offender record information.  See 803 Code Mass. Regs. § 2.25 (2014).  See also G. L. c. 6, § 167 (defining "purge" as "remove from the criminal record information system such that there is no trace of information removed and no indication that said information was removed").