Kaplan, Mitchell H., J.
The plaintiff, Jessee Restivo, brings this action to appeal a decision by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (the “Board") finding that the plaintiff violated G.L.c. 138, §34B. The Board ordered that the plaintiffs license would be restricted for a period of time during which he could only drive between the hours of 7:00 AM to 7:00 PM. Although the period of this restriction has expired, the case is not moot as the plaintiffs record with the defendant, Registry of Motor Vehicles (the “Registry”), now reflects that plaintiff violated §34B and that his license was suspended and then restricted as a result of that violation. The case is now before the court on plaintiffs motion for judgment on the pleadings. For the reasons that follow, the motion is ALLOWED.
BACKGROUND
On May 21, 2010, the plaintiff was nineteen years old. On that date, an officer of the Mansfield Police Department observed the defendant showing three other males what the officer believed was a drivers license. The four young men were standing nearby a vehicle that had alcoholic beverages in it. As the officer approached, the plaintiff put the license in his wallet. The officer asked the plaintiff to produce identification, and the plaintiff handed the officer his own, properly issued, driver’s license. The officer then seized the plaintiffs wallet and found the plaintiffs brother’s license in it. That license had expired on September 9,2009. It, of course, showed the plaintiffs brother’s birthday. His brother was then twenty-two. The plaintiff and the other young men were arrested and charged as minors in possession of alcohol. Those charges were later dismissed.
The Mansfield Police Department submitted a G.L.c. 90, §22(e) report to the Registry asserting that plaintiff had violated G.L.c. 138, §34B. The report stated: “Observed in parking lot displaying brother’s license to friends. All were minors with alcohol. Restivo put license back in wallet and gave his true license to the officer. Stated that his brother gave him the license.”
Thereafter, plaintiff received notice that the Registry intended to suspend his license for six months effective July 5, 2010. A hearing was convened at the Registry on June 25, 2010 regarding this noticed suspension, and plaintiffs license was thereafter revoked. The plaintiff appealed the Registry’s order to the Board, which convened a hearing on the suspension on August 5, 2010. Later that day, the Board issued an order modifying the Registry’s decision and reinstating the plaintiffs license; however, with the limitation on the hours during which the plaintiff could drive noted above. Some months later, on December 6, 2010, the Board issued a Statement of Reasons for its Decision of August 5,2010 (the “Statement”).
The Statement noted that the brother had obtained a new license and apparently given the plaintiff the expired license. It also noted that there was no allegation, and apparently no evidence, that the plaintiff had purchased alcohol using the expired license. The Statement next quoted from §38B, which states in relevant part: “any person who transfers, alters or defaces, any such card or license, or who makes, uses, carries, sells or distributes a false identification card or license, or uses the identification card or motor *274 vehicle license of another, or furnishes false information in obtaining such card or license, shall be guilty of a misdemeanor ...” The Board commented that there was no proof “that the plaintiff ever ‘used’ or ‘employed for some purpose’ the license of another.” It however held that: “the simple fact that he had the license in his possession was a violation of a clear reading of Chapter 138, sec 34B. The statute only requires that the individual carry the false license or identification card.”
The plaintiff then timely filed the present action.
DISCUSSION
G.L.c. 30A, §14, grants any person aggrieved by a decision of any agency in an adjudicatory proceeding the right to appeal that decision to the Superior Court. Unless irregularities in the agency proceedings are alleged, the court’s review is confined to the administrative record. G.L.c. 30A, §14(5). Plaintiff, as the appealing party, bears the burden of demonstrating that the Board’s decision is invalid. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
In reviewing the Board’s decision, this court is required to “give due weight to the experience, technical competence, and specialized knowledge of the [Board], as well as to the discretionary authority conferred upon it.” G.L.c. 30A, § 14(7). However, a decision may be vacated, “if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.” Doe v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), citing G.L.c. 30A, §14(7)(e), (g). Further, “[a]n incorrect interpretation of a statute by an administrative agency is not entitled to deference.” Kszepka’s Case, 408 Mass. 843, 847 (1990). In the present case-"#(08ion is not in accordance with the law, as it has incorrectly interpreted §34B.
Plaintiffs brother’s drivers license is simply not a “false” license within the meaning of §34B. While the word “false” is not defined in the statute, there is no reasonable interpretation of that word that can transform a properly issued license, which has not been altered in any manneOBTVWYailicense. Under the interpretation suggested by the Board, a person carrying the expired license of a deceased parent as a memento would be committing a misdemeanor. The statute has another provision that makes it unlawful to “use[ ] the . . . motor vehicle license of another.” However, as noted above, that provision does not apply to the facts of this case. The Board’s decision holding that the plaintiff violated G.L.c. 138, §34B by having in his possession his brother’s expired license is, therefore, vacated. In consequence, there was no basis in law for suspending or restricting the plaintiffs license.
The plaintiff has asked the court to order that any record of the Registry’s or the Board’s actions with respect to him, relating to the events of May 21, 2010, be expunged. Whether the court has the authority to order those records expunged is not controlled by Commonwealth v. Boe, 456 Mass. 337 (2010), as the records in question are not probation records. Nonetheless, the plaintiff has not offered any authority for its contention that this is the type of case in which an order of expungement is appropriate. The plaintiff was not a juvenile at the time the events at issue occurred, compare Police Comm'r of Boston v. Municipal Court of the Dorchester Dist., 374 Mass. 640 (1978), nor is this a case of mistaken identity in which police or Registry action was taken against the wrong individual, compare Commonwealth v. S.M.F., 40 Mass.App.Ct. 42 (1996). Rather, proper procedures were followed by the police and the administrative agencies, but they made an error of law. The court therefore will not wrestle with the question of whether it has the authority to order expungement, as it does not find that remedy appropriate to the facts presented.
ORDER
For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is ALLOWED. Final Judgment shall enter vacating the Board’s decision, and the Board and Registry are ordered that their respective dockets and files on this matter reflect this court’s decision that the plaintiff did not violate G.L.c. 138, §34B and that the Registry erred in suspending and restricting his license.